**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CONNOR PULLIAM, ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                                              **NO: 25-1341**

**BANANA BLOSSOM THAI CAFE, L.L.C., ET AL.**        **SECTION: "G"(5)**

<u>**ORDER**</u>

This matter was set for a settlement conference before the undersigned on Tuesday, May 19, 2026 at 1:00 p.m.  The Order scheduling that conference <u>required</u> the parties, among other things, to:

- Provide the Court with a confidential position paper no later than two business days prior to the conference;
- Include in that position paper a statement of the key evidence the party intends to use at trial to support its position;
- Discuss the pertinent liability dispute(s); and
- Provide the Court with an explanation of the party's settlement position.

(Rec. doc. 21).  In addition, the Order required  Plaintiff(s) to have made a demand and Defendant(s) to have (1) provided a response to that demand and (2) inform the Court of the substance of that response.

Regarding the scheduled conference in this case, Defendants violated every requirement described above, resulting in the undersigned's decision to cancel the settlement conference.

Defendants' position paper (such as it is) was received by the Court <u>19 minutes before the conference was scheduled to start,</u> rather than the two full business days required by the Court's Order.  Worse, this late submission failed to meaningfully address the liability dispute or mention any evidence Defendants plan to use at trial.  Worse still, the paper contains not

even a suggestion about Defendants' settlement position, save to say that Plaintiffs' demand "should be rejected."[1]  And finally, Defendants also failed to respond to Plaintiffs' settlement demand or inform the Court of said response.

This is all nonfeasance in violation of the Court's Order.  The Court and Plaintiffs' counsel prepared for a settlement conference that did not go forward as a result of these violations and will have to do so again at some point.  Accordingly, counsel for Defendants shall appear before the Court on June 11, 2026 at 11:00 a.m. to show cause why they shouldn't be sanctioned under Federal Rule of Civil Procedure 16(f) for failing to comply with this Court's Order Scheduling Settlement Conference.  (Rec. doc. 21).

New Orleans, Louisiana, this ___22nd___ day of _____ May _____ 2026.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Notably, in the Order setting the settlement conference, the term "settlement position" is defined in detail:

> "Settlement position" means something more than just an argument about the merits of your case or a statement concerning the amount or terms of an outstanding demand or offer.  For the Court and parties to be successful in the limited time provided for this settlement conference, you should provide the Court with a clear understanding of your and your client's actual evaluation of the case and an idea of where you believe the case should settle.

(*Id.* at n.1).  Defendants' paper in this case was devoid of any of this information.