UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CONNOR PULLIAM, ET AL.

VERSUS

BANANA BLOSSOM THAI CAFÉ,
LLC, ET AL.

CIVIL ACTION NO. 25-1341

SECTION "G" (5)

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL PRODUCTION

COME NOW Plaintiffs Connor Pulliam, Eric Truong, Majella Villaeba, Katherine Templeton, Assata Simpson, and Pakanan Tonsakul. to file this memorandum in support of their motion to compel written discovery responses and production.

During a 30(b)(6) corporate deposition of Defendant Banana Blossom Thai Café, LLC on May 26, 2026 Defendant Chotikarnkul, admitted under oath that, contrary Defendants' written discovery responses, he did not conduct the requested searches for certain electronic communications.

In the First Set of Discovery Requests propounded on Defendants, Plaintiffs requested the following production or records:

**Request for Production No. 12:** **All emails and text messages of any Defendant or manager containing the terms "overtime" or "over 40" or "over forty" or "more than 40" or "more than forty" or "time and a half" or "salary."**

**Request for Production No. 13:** **All electronic communications, including e-mails, text messages, and other electronic messages concerning Plaintiffs, Plaintiffs' time worked, time keeping, time cards, time sheets, time worked, overtime, overtime policies, calculation of overtime, tip compensation, Plaintiffs' pay, and Plaintiffs' job duties or responsibilities."**

**Request for Production No. 21:** **All correspondence, including emails and text messages, between Jimmy and Sara.**

1

In their written responses, Defendants answered, "None" to Request for Production No. 12, and "Documents responsive to this request have been asked for and will be provided upon receipt," in response to Request for Production No. 13. **Exhibit A, p. 18-19**. In response to Request for Production No. 21, Defendants objected to the request as "overly broad, burdensome and not reasonably directed towards the discovery of admissible evidence." *Id.* at p. 20.

During a meet and confer on December 5, 2025, undersigned counsel addressed such objections and agreed that the timeframe could be limited to the past five years. **Exhibit B.** Subsequently, Defendants produced an affidavit verifying that Defendants' response were "true to the best of [Defendant Chotikarnkul's] knowledge and belief." **Exhibit C.**

Yet, on May 26, 2026, Defendant Chotikarnkul admitted that he had not even conducted a search for records responsive to these requests. Following the deposition, undersigned counsel requested that the requested searches be conducted and responsive records produced within 36 hours. **Exhibit D.** Defendants have not responded.

## I.    <u>LAW AND ANALYSIS</u>

### A.  **This Court should compel Defendants to produce responsive records.**

Pursuant to Federal Rule of Civil Procedure Rule 37(a)(3), a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if a party fails to answer an interrogatory or produce documents.

The Federal Rules grant the district court broad discretion in ruling on discovery matters such as a motion to compel. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 261 (5th Cir. 2011). Federal courts have an established policy of liberal discovery. Fed. R. Civ. P. 26(b); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Dollar v. Long Mfg. N.C.*, Inc. 561 F.2d 613, 616 (5th Cir. 1977); *Intralox, L.L.C. v. Habasit Belting, Inc.,* 2004 WL 2999097, at *3 (E.D. La. Dec. 23, 2004).

To date, Defendants have not confirmed the search was conducted and have not produced any responsive records. Plaintiffs have attempted in good faith to obtain records without court action. Before seeking a motion to compel, the movant must confer, or attempt to confer, in good faith with the party failing to produce discovery in an attempt to obtain the documents without court action. FRCP 37(a)(1). Here, Plaintiff's counsel certifies that she has complied with the requirements of FRCP 37(a)(1). **Exhibit D.**

Plaintiffs respectfully request that this Court issue an order compelling Defendants' to conduct the requested searches and produce responsive records within two-weeks of such order.

**B.  If this Court grants this motion, it should grant Plaintiffs' reasonable fees.**

Fed. R. Civ. Proc. 37(a)(5)(A) states that if a motion to compel is granted the "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Court should only not grant such fees if (i) there was no good faith effort to obtain the information without court intervention; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Here, none of the three exceptions apply. First, Plaintiffs have worked in good faith to obtain discoverable records from Defendants. In response to Defendants' objection to one request, Plaintiffs limited the timeframe.   Following Defendant Chotikarnkul's admission that he did not even conduct searches for the requested information, Plaintiffs requested that Defendants confirm that the search was conducted and provide responsive records. Defendants have not responded at all. Second, Defendants' failure to comply with discovery was not substantially justified. The requests were propounded on September 18, 2025. Defendants had

3

ample time to conduct the searches and supplement information. Defendants simply chose not to conduct any search at all. And third, no other circumstances make an award of fees unjust.

## V.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully requests that this Court grant their Motion. They ask that this Court issue an order compelling Defendants to conduct a search for requested electronic communications, produce documents responsive to their Requests for Production within two weeks of this order, and pay the reasonable attorneys fees incurred in preparing this motion.

Respectfully Submitted:

*/s/ Hope Phelps*
WILLIAM MOST (La. Bar No. 36914)
HOPE PHELPS (La. Bar No. 37259)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, # 9685
New Orleans, LA 70170
Tel: 504-500-7974
E-Mail: hopeaphelps@outlook.com

KENNETH C. BORDES (La. Bar No. 35668)
ABIGAIL FLORESCA (La. Bar No. 41248)
2725 Lapeyrouse St.
New Orleans, Louisiana 70119
Telephone: 504-588-2700
Facsimile: 504-708-1717
E-Mail: kcb@kennethbordes.com

*Counsel for Plaintiffs*