**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CONNOR PULLIAM, ET AL.**

**CAFÉ, LLC,  ET AL.**

**VERSUS**

**CIVIL ACTION CASE NO.**

**BANANA BLOSSOM THAI**

**25-1341 SECTION: "G"(5)**

TO:     Connor Pulliam, ET AL.
        Through their attorney of record
        William Most
        201 St Charles Ave Ste. 2500 #9685
        New Orleans, LA 70170
        Tel: (504) 509-5023
        Fax: (504) 414-6400
        williammost@gmail.com

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF**
**DISCOVERY REQUESTS**

NOW through undersigned counsel comes Defendant, Banana Blossom Thai Cafė, who in response to the Request for Admission, Interrogatories, and Requests for Production of Documents upon Defendant, respond as follows:

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Banana Blossom Thai Café, LLC ("Banana Blossom") is a restaurant in Gretna, Louisiana

owned  and operated by Rattanasak "Jimmy" Chotikarnkul since 2009.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admitted.

**REQUEST FOR ADMISSION NO. 2:**

In the front of house, Banana Blossom employs servers and hosts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Admitted.

**REQUEST FOR ADMISSION NO. 3:**

Until recently, servers were paid $5.00 per hour.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Denied for lack of sufficient information to justify a belief therein.. Define recently. Unclear from question what time frame is being asked about.

**REQUEST FOR ADMISSION NO. 4:**

Currently, servers are paid $7.25 per hour.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admitted.

1


PLAINTIFF'S
EXHIBIT
2

**REQUEST FOR ADMISSION NO. 5:**

Hosts and bussers have been paid $12.00 - $14.00 per hour "depending on performance."

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 6:**

Sometimes servers are required to work as "expediters" (also described as "expo").

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Admitted.

**REQUEST FOR ADMISSION NO. 7:**

When they are acting as expediters, servers garnish and hand-off dine-in orders, take to-go orders over the phone, and pack and hand-off to-go orders to the host.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Admitted.

**REQUEST FOR ADMISSION NO. 8:**

Banana Blossom servers alternate clocking in as server or expediter.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 9:**

In the expediter role, employees remain in the kitchen and only interact with customers over the phone.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 10:**

While working as expediters, despite working in the back of the house, employees were still only paid $5.00 per hour.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 11:**

The kitchen is made up of five stations (not including expediters). Those stations are dishwasher (2- 3 people), roti grill (1 person), fry cook (1 person), sauce station (2 people), and then the head chef.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Admitted.

**REQUEST FOR ADMISSION NO. 12:**

Banana Blossom did not pay overtime to non-exempt employees who work over 40 hours per week.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Denied. There is no intention for employees to work overtime. Any failure to pay would likely be an error by CPA.

**REQUEST FOR ADMISSION NO. 13:**

Prior to mid-May 2025, Banana Blossom imposed a tip pool that allotted 10% of tips to kitchen staff,  5% to the host, a percentage to cover credit card processing fees, and split the remainder 50/50  between servers and "expeditors."

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Denied for lack of sufficient information to justify a belief therein. Subject to and without waiver of the foregoing, beginning in 2009 employees agreed to a tip pool with the remainder being split among the front of the house.

**REQUEST FOR ADMISSION NO. 14:**

Prior to mid-May 2025, servers and expeditors were paid below the minimum wage at $5.00 per  hour and Banana Blossom claimed a tip credit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 15:**

Banana Blossom required servers to tip out back-of-house staff approximately $300,000

over a  three-year period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 16:**

The tip-structure identified in this lawsuit was in place in for at least three years, and possibly

going  back further.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 17:**

On April 11, 2025, Plaintiff Connor Pulliam met with Jimmy to share concerns regarding

Banana  Blossom's illegal tip-out structure.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 18:**

Banana Blossom's salaried manager, Kulisara Jinawong (aka "Sara Saur"),

occasionally  clocked/clocksin as a server.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Admitted.

**REQUEST FOR ADMISSION NO. 18:**

When Sara clocks in as a server, she receives tips from the tip pool.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18.**

Admitted.

**REQUEST FOR ADMISSION NO. 19:**

The tip pool structure worked like this: (1) All of the tips received from tables and to-go orders

were  pooled; (2) Then a flat percentage (most recently 2%) was taken out to go towards a credit

card fee;  (3) Then 10% of the remaining pool was taken out and divided evenly amongst kitchen staff; (4)  Then 5% was taken out of the remaining pool and divided evenly between the host and busser; (5)  Then the servers and expediters would each get even shares of the remaining pool.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Denied for lack of sufficient evidence to justify a belief therein.

**REQUEST FOR ADMISSION NO. 20:**

On a typical weekend night (i.e., four servers, two expediters) or a typical lunch shift (i.e., two  servers, one expediter), the tip pool would look like the chart shown on the first page of this  complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Denied for lack of  sufficient information to justify a belief therein. Overly vague as it is unclear as what is being requested is unclear as written.

**REQUEST FOR ADMISSION NO. 21:**

From 2012 to 2015, Banana Blossom deducted 3% from the tip pool stating it was to cover credit card  processing fees.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 22:**

After 2015, Banana Blossom increased the deduction referred to in request 21 to 5%.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 23:**

Approximately one year ago, in 2024, Banana Blossom again adjusted the deduction referenced in  Requests 21 and 22: Banana Blossom deducted 2% from the tip pool, and also added a 3% surcharge  for customers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 24:**

The above-described percentages referenced in Requests 21, 22, and 23 were not tied to the actual  credit-card-processing fees.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 25:**

Banana Blossom made flat deductions from tips that did not reflect variation among card fees that  may have been charged.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**
Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 26:**

Around mid-May 2025, Banana Blossom eliminated the credit card processing fee deduction.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Denied for lack of sufficient evidence to justify a belief therein.

**REQUEST FOR ADMISSION NO. 27:**

Before taking a tip credit under the FLSA, Defendants did not inform Plaintiffs and similarly  situated class members, by either oral or written notice, of

1. the amount of the direct (or cash) wage the employer is paying a tipped employee, which  must be at least $2.13 per hour;

2. the additional amount claimed by the employer as a tip credit, which cannot exceed $5.12 (the difference between the minimum required direct (or cash) wage of $2.13 and the current  minimum wage of $7.25);

3. that the tip credit claimed by the employer cannot exceed the amount of tips actually  received by the tipped employee;

4. that all tips received by the tipped employee are to be retained by the employee except for a  valid tip pooling arrangement limited to employees who customarily and regularly receive  tips; and

5. that the tip credit will not apply to any tipped employee unless the employee has been  informed of these tip credit provisions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

6

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 28:**

On May 2, 2025, Jimmy and Banana Blossom Manager Sara met with employees Connor, Eric, Majella, Katherine, Assata, Christina, Mariecar, and Pakanan per their request related to ongoing wage complaints.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 29:**

At the meeting on May 2, 2025, Connor Pulliam presented a chart to Jimmy that included information comparing Banana Blossom's pay structure with other local restaurants.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 30:**

At this second meeting, Connor and the other employees in attendance explained to Jimmy that, not only was the structure unusual in comparison to other local restaurants, but it was illegal.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 31:**

Jimmy agreed to meet with the employees again, "next Friday," May 9, 2025.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Admitted.

**REQUEST FOR ADMISSION NO. 32:**

After the meetings where employees collectively stood up against these pay practices, Banana Blossom subsequently adjusted the hourly rate for servers and expediters to meet the mandatory minimum wage of $7.25, and eliminated the credit card processing fee deductions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 33:**

After the meetings where employees collectively stood up against these pay practices, Jimmy and  Banana Blossom retaliated against the Front of House employees and against Connor specifically.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 34:**

After the meetings where employees collectively stood up against these pay practices, Banana  Blossom imposed new restrictions on Front of House employees.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 35:**

On May 6, 2025, Banana Blossom began requiring employees to come in earlier for shifts, and threatened termination on the third occasion they arrive more than five minutes late, which was not  previously the practice.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 36:**

After the meetings where employees collectively stood up against these pay practices, Banana  Blossom began requiring employees to keep their phones in a "cell phone box" during shifts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Admitted.

**REQUEST FOR ADMISSION NO. 37:**

The "cell phone box" rule prevented Plaintiffs from collecting certain evidence of pay and credit  card complaints at issue during their shift.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 38:**

After the meetings where employees collectively stood up against these pay practices, Banana  Blossom revoked the benefit of a shift meal for Front of House employees three nights a week.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Denied for lack of sufficient information to justify a belief therein

**REQUEST FOR ADMISSION NO. 39:**
Banana Blossom retaliated against Plaintiff Connor Pulliam directly and other Front of House  employees who needed shifts covered indirectly.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 40:**

On May 4, Manager Sara sent a group text to all Front of House employees prohibiting Connor from  picking up anyone's shifts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 41:**

Despite repeated requests for an explanation by both Connor and other employees related to the  prohibiting Connor from picking up anyone's shifts, Sara and Jimmy refused to provide one.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Admitted.

**REQUEST FOR ADMISSION NO. 42:**

Connor was informed Banana Blossom's management that the prohibition from picking up shifts related to Connor was "Jimmy's decision."

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**
Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 42:**

Sara intervened to stop Connor from aiding other employees by covering their shifts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 43**

On May 5, 2025, Jimmy called the parents of Connor's best friend, who are regulars at

Banana  Blossom.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**
Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 44:**

Jimmy told the parents of Connor's best friend that "Connor hasn't been acting right at work"

and  insinuated that Connor was mentally ill.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 45:**

Jimmy went to the home of Connor's best friend's parents and talked to them about

Connor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Denied for lack of sufficient information to justify a belief therein.

 **REQUEST FOR ADMISSION NO. 46:**

On May 9, 2025, Jimmy and Manager Sara Saur met with employees Connor, Eric,

Katherine,  Christina, Marie, and Mew.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Admitted.

**REQUEST FOR ADMISSION NO. 47:**

At the meeting on May 9, 2025, Jimmy gave his employees a letter from his

attorney.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Admitted.

 **REQUEST FOR ADMISSION NO. 48:**

The letter from Jimmy's attorney, dated May 9, 2025 suggested that the tip pool is legal

because  Banana Blossom "does not take a tip credit."

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Admitted.

**REQUEST FOR ADMISSION NO. 49:**

At the time of the May 9, 2025 letter, it was true that Defendant did not take a tip credit, but it

had  not been true at any time prior to those last few weeks.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 50:**

Admit that Jimmy has the power to hire employees

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Admitted.

**REQUEST FOR ADMISSION NO. 51:**

Admit that Jimmy has the power to fire employees

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Admitted.

**REQUEST FOR ADMISSION NO. 52:**

Admit that Jimmy supervises employees.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Admitted.

**REQUEST FOR ADMISSION NO. 53:**

Admit that Jimmy controls the work schedules of employees.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**
Denied for lack of sufficient information to justify a belief therein.

**REQUEST FOR ADMISSION NO. 54:**

Admit that Jimmy determines the method and rate of pay of employees.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Admitted.

**REQUEST FOR ADMISSION NO. 55:**

Admit that you violated the FLSA overtime rules as described in paragraphs 101-104 of

the  Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Denied for lack of sufficient information to justify a belief therein. Legal conclusion reserved to the trier of fact.

**REQUEST FOR ADMISSION NO. 56:**

Admit that you violated the FLSA tip-pooling rules as described in paragraphs 105-113 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

Denied for lack of sufficient information to justify a belief therein. Legal conclusion reserved to the trier of fact.

**REQUEST FOR ADMISSION NO. 57:**

Admit that you violated the FLSA credit card fee deduction rules as described in paragraphs 114- 122 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Denied for lack of sufficient information to justify a belief therein.Legal conclusion reserved to the trier of fact.

**REQUEST FOR ADMISSION NO. 58:**

Admit that you violated the FLSA notice rules as described in paragraphs 123-129 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58**:

Denied for lack of sufficient information to justify a belief therein. Legal conclusion reserved to

the trier of fact.

**REQUEST FOR ADMISSION NO. 59:**

Admit that you violated the FLSA retaliation prohibitions as described in paragraphs 130-134

of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59**:

Denied for lack of sufficient information to justify a belief therein.Legal conclusion reserved to the trier of fact.

**REQUEST FOR ADMISSION NO. 60:**

Admit that you violated the R.S. 23:631 as described in paragraphs 135-137 of the

Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60**:

Denied for lack of sufficient information to justify a belief therein. Legal conclusion reserved to the trier of fact.

**REQUEST FOR ADMISSION NO. 61:**

Admit that you violated the R.S. 23:631 as described in paragraphs 135-137 of the

Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61**:

Denied for lack of sufficient information to justify a belief therein.Legal conclusion reserved to the trier of fact.

**REQUEST FOR ADMISSION NO. 62:**

Admit that you engaged in conversion and misappropriation of funds as described in paragraphs

138-139 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62**:

Denied for lack of sufficient information to justify a belief therein. Legal conclusion reserved to the trier of fact.

**REQUEST FOR ADMISSION NO. 63:**

Admit that you violated 23:621 et seq. as described in paragraphs 140-145 of the

Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63**:

Denied for lack of sufficient information to justify a belief therein. Legal conclusion reserved to the trier of fact.

**REQUEST FOR ADMISSION NO. 64:**

Admit that you violated LUTPA as described in paragraphs 146-162 of the

Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 64**:

Denied for lack of sufficient information to justify a belief therein. Legal conclusion reserved to the trier of fact.

**REQUEST FOR ADMISSION NO. 65:**

Admit that the diagram on page 1 of Plaintiff's complaint is an accurate depiction of how tips

are  divided at Banana Blossom.

**RESPONSE TO REQUEST FOR ADMISSION NO. 65**:

Denied for lack of sufficient information to justify a belief therein.

## INTERROGATORIES

### INTERROGATORY NO. 1

For each Defendant, identify all your sources of income, and the amounts

thereof.

### RESPONSE TO INTERROGATORY NO. 1:

Defendant objects to Interrogatory No. 1. as overly broad, burdensome and not reasonably directed

towards the discovery of relevant, admissible evidence.

### INTERROGATORY NO. 2:

For each Defendant, detail all your assets (including financial assets, real property, moveable property, ownership interests in businesses, etc.) and income from January 1, 2020 to present.

### RESPONSE TO INTERROGATORY NO. 2:

Defendant objects to Interrogatory No. 2 as overly broad, burdensome and not reasonably directed towards the discovery of relevant, admissible evidence.

### INTERROGATORY NO. 4:

For each Defendant, describe your net worth for fiscal years 2020, 2021, 2022, 2023, 2024, and 2025.

### RESPONSE TO INTERROGATORY NO. 4:

Defendant objects to Interrogatory No. 4 as overly broad, burdensome and not reasonably directed towards the discovery of relevant, admissible evidence.

### INTERROGATORY NO. 5:

For each Defendant, identify all bank accounts owned or controlled by you, or that you have access to.

### RESPONSE TO INTERROGATORY NO. 5:

Defendant objects to Interrogatory No. 4 as overly broad, burdensome and not reasonably directed towards the discovery of relevant, admissible evidence.

### INTERROGATORY NO. 6:

Identify all job positions of your employees that you contend are exempt from overtime pay under the FLSA.

### RESPONSE TO INTERROGATORY NO. 6.

Defendant objects to this interrogatory as it is a legal conclusion reserved to the trier of fact.

14

All versions, including native versions, of the "Chopping block list."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Documents responsive to this request have been asked for and will be provided upon receipt.

Respectfully submitted, this the 20th day of October, 2025

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he has served a copy of the foregoing pleading to all counsel of record, by hand delivery, electronic mail, facsimile or by placing a copy of the same properly addressed in the U.S. Mail, with adequate postage affixed thereto on
the 20th day of October 2025.

_/s/ Julia Holt_
**KATHERINE JULIA HOLT(#39915)**

**BUTLER MCDONALD**

BY:     _/s/ Julia Holt_
DAVID M. MCDONALD (#30625)
JOHN D. PEREZ (#39302)
MARK R. LADD (#30847)
**KATHERINE JULIA HOLT(#39915)**
3939 N. Causeway Blvd., Suite 301
Metairie, Louisiana 70002
Telephone: (504) 285-5440
Facsimile: (504) 407-2101
e-mail: jperez@bmcdlaw.com
e-mail: jholt@bmcdlaw.com
**Counsel for Defendants**

25

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CONNOR PULLIAM, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 25-1341** |
| **BANANA BLOSSOM THAI CAFÉ, LLC, ET AL.** | **SECTION: "G"(5)** |

### PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS

Plaintiffs propound this Second Set of Requests for Admissions to Defendant BANANA BLOSSOM THAI CAFÉ, LLC who is requested pursuant to Rules 36, 33, and 34 of the Federal Rules of Civil Procedure to respond to the following requests for admission separately and fully, in writing and under penalty of perjury, within thirty (30) days after service.

### REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 66:**

Prior to June 2025, Banana Blossom did not maintain a record of tips earned by Kulisara Jinawong during her server shifts.

**REQUEST FOR ADMISSION NO. 67:**

Prior to June 2025, Banana Blossom did not maintain a record of tips distributed to Kulisara Jinawong from the tip pool.

**REQUEST FOR ADMISSION NO. 68:**

Prior to June 2025, Banana Blossom did not document tips paid to Kulisara Jinawong on payroll records or report them on Ms. Jinawong's pay stubs.

**REQUEST FOR ADMISSION NO. 69**

Prior to June 2025, Banana Blossom did not maintain record of the amount of pooled tips distributed to back of house employees.

**REQUEST FOR ADMISSION NO. 70:**

Prior to June 2025, Banana Blossom did not maintain timesheet records of when employees clocked

in and clocked out for shifts.


Respectfully Submitted:

*/s/ Hope Phelps*
WILLIAM MOST (La. Bar No. 36914)    KENNETH C. BORDES (La. Bar No. 35668)
HOPE PHELPS (La. Bar No. 37259)    ABIGAIL FLORESCA (La. Bar No. 41248)
MOST & ASSOCIATES    2725 Lapeyrouse St.
201 St. Charles Ave., Ste. 2500, # 9685    New Orleans, Louisiana 70119
New Orleans, LA 70170    Telephone: 504-588-2700
Tel: 504-500-7974    Facsimile: 504-708-1717
E-Mail: hopeaphelps@outlook.com    E-Mail: kcb@kennethbordes.com