**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CONNOR PULLIAM, ET AL.**

**VERSUS**

**BANANA BLOSSOM THAI CAFÉ, LLC, ET AL.**

**CIVIL ACTION NO. 25-1341**

**SECTION "G" (5)**

### JOINT PROPOSED PRE-TRIAL ORDER

This Joint Pre-Trial Order is submitted by all of the parties to this action, through the undersigned counsel of record.

#### 1.   PRE- TRIAL CONFERENCE

The Pre-Trial Conference is scheduled for Thursday, August 3, 2026, at 3:00 p.m. in Chambers before the Hon. Nannette Jolivette Brown, Section G.

#### 2.   APPEARANCE OF COUNSEL

**WILLIAM MOST (LA BAR NO. 36914)**
**HOPE PHELPS (LA BAR NO. 37259)**
**MOST & ASSOCIATES**
201 St. Charles Ave., Ste. 2500, # 9685
New Orleans, LA 70170
Tel: 504-500-7974
E-Mail: hopeaphelps@outlook.com

**KENNETH C. BORDES (LA BAR NO. 35668)**
**ABIGAIL FLORESCA (LA BAR NO. 41248)**
**KENNETH C. BORDES, ATTORNEY AT LAW, LLC**
3914 Canal St.
New Orleans, LA 70119
Telephone: 504-588-2700
E-Mail: kcb@kennethbordes.com

*Counsel for Plaintiffs*

**JOHN D. PEREZ (LA BAR NO. 39302)**
**MARK R. LADD (LA BAR NO. 30847)**
**BUTLER MCDONALD**
2450 Severn Avenue, Suite 400
Metairie, LA 70001
Telephone: (504) 285-5440
E-Mail: jperez@bmcdlaw.com
E-Mail: mlass@bcmdlaw.com

*Counsel for Defendants*

### 3.   DESCRIPTION OF THE PARTIES

Plaintiffs:

Connor Pulliam, Eric Truong, Majella "MJ" Villaeba, Katherin Templeton, Assata Simpson, Pakanan Tonsakul, Camren White, Kaylen Marbry, Vincent White, and all opt-in plaintiffs who consent to join the collective action by August 13, 2026.

Defendants:

Banana Blossom Thai Café, LLC and Rattanasak "Jimmy" Chotikarnkul.

### 4.   JURISDICTION

Jurisdiction of this Court is proper as the complaint of the Plaintiffs is brought pursuant to the Fair Labor Standards Act ("FLSA").  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343(a)(3).  Additionally, this Court has jurisdiction over Plaintiff's state law claims for wage theft, conversion and unfair trade practices because they arise out of a common nucleus of operative fact, forming a part of the same case or controversy in accordance with 28 U.S.C. § 1367.

### 5.   PENDING MOTIONS

There are no Motions currently pending. Plaintiffs contemplate filing (1) Motions in Limine, and (2) Motion for Contempt in connection with June 22, 2026 Order (R. Doc. 36) if records are not produced by end of month per discussion at July 23, 2026 hearing.

### 6.   JOINT SUMMARY OF THE FACTS

Defendants implemented company-wide policies of (1) not paying employees for all hours worked in excess of forty in a work week at one and one-half times their regular hourly rate, (2) deducting credit card fees from employees' tips, (3) requiring servers to participate in a tip pool with salaried kitchen staff and managers while taking deducting a tip credit, and (4) not maintaining records as required pursuant to 29 CFR Part 516.  Defendants responded to Plaintiffs complaints about these

practices by barring Plaintiff Connor Pulliam from picking up shifts, terminating Plaintiff Katherin Templeton, and implementing more restrictive policies. To date, no employees have been paid their earned overtime or earned but unpaid tips.

## 7. UNCONTESTED MATERIAL FACTS

i. The Plaintiffs are all employees who have worked at the Banana Blossom restaurant in Gretna, Louisiana.

ii. Banana Blossom has been owned and operated by Rattanasak Chotikarnkul, who uses the alias "Jimmy Cho," since 2009.

iii. The owner, Jimmy Cho, implemented and maintained all policies and practices complained of in this litigation and was the decision maker in all respects to how Banana Blossom operates.

iv. Banana Blossom has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

v. Banana Blossom has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA, U.S.C. § 203(s)(1), in that said enterprise has and has had employees handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person and in that said enterprise has and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

vi. Plaintiffs were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.23.

vii. Plaintiffs do not fall within any exemption of the FLSA and were required to be paid according to the dictates of that section.

viii. Banana Blossom's managers and officers, specifically including and at the direction of Defendant Jimmy Cho, directed the means and manner in which Plaintiffs were compensated.

ix.    During the relevant time period, Defendants have violated the provisions of the FLSA by employing employees engaged in commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees minimum wages and/or for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

x.    Employee hours were submitted monthly to Defendants' CPA, and then bi-weekly to Defendants' new CPA. After each work week, Defendants did not preserve the printed schedule sheets depicting actual hours scheduled per week.

xi.    Banana Blossom imposed a required tip pool that allotted 10% of tips to salaried kitchen staff, 5% to the host, a percentage to credit card fees, and split the remainder between servers and expeditors. If Sara, the salaried general manager of Banana Blossom, clocked in as a server, she received a share of the tips.

xii.    Tip distributions were tracked in notebook called the "Tip Log Book." After the notebook was full, Defendants did not preserve it.

xiii.    Prior to mid-May 2025, servers and expeditors were paid below the minimum wage at $5.00 per hour and Banana Blossom claimed a tip credit.

xiv.    On occasion, a salaried Banana Blossom manager, Kulisara Jinawong, received tips from the tip pool when she clocks in and works as a server.

xv.    From approximately 2015 to mid-2024, Banana Blossom deducted 5% from the tip pool for "credit card processing fees," taken for both credit card and debit card sales, greater than the actual transactional fees charged by the credit card companies.

xvi.    Later, the credit card fee deduction was reduced to 2%, but was still taken for both credit card and debit card sales.

xvii.   Before taking a tip credit, Defendants failed to inform Plaintiffs by either oral or written notice of the following:

1. the amount of the direct (or cash) wage the employer is paying a tipped employee, which must be at least $2.13 per hour;

2. the additional amount claimed by the employer as a tip credit, which cannot exceed $5.12 (the difference between the minimum required direct (or cash) wage of $2.13 and the current minimum wage of $7.25);

3. that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee;

4. that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and

5. that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions.

xviii.   Plaintiff Connor Pulliam and the front of house employees met with Defendant Jimmy Cho and notified him that his and Banana Blossom's practices were in violation of the FLSA.

xix.   Subsequently, Defendants limited Connor Pulliam's hours at Banana Blossom and prohibited him from covering shifts for other employees because he disagreed with Connor's position at the meeting. Defendants also placed other employees who participated in the meeting on a "chopping block list" for the same reason.

xx.    At the restaurant, Defendants imposed new requirements including scheduling shifts to start earlier, stricter punishment on tardiness, and a total ban on cellphone possession on the floor because Defendants felt it was necessary to "set a new rule for [employees" after the meeting.

xxi.   After the meeting with Plaintiffs, Defendants stopped taking a tip credit from front of house employees and raised their minimum wage from $5.00 to $7.25.

xxii.   After their constructive termination/resignation, employees made a demand for their wages via letter on June 9, 2025. They remain unpaid.

xxiii.  Jimmy Cho has ultimate control and authority over the accounts, payroll, hiring, firing, and other relevant decisions related to the operation of Banana Blossom, and also uses Banana Blossom accounts where employee tips and wages are deposited for his personal expenditures, credit card payments, and travel.

xxiv.  The parties have stipulated that Defendants did not pay overtime as required by law.

## 8. CONTESTED ISSUES OF FACT

i.  Whether Defendants' decision not to properly pay minimum and/or overtime compensation to its hourly employees was reasonable or in good faith, thus entitling Plaintiffs to liquidated damages, attorneys' fees, and costs.

ii.  Whether Defendants retaliated against Connor Pulliam by limiting his hours at Banana Blossom and prohibiting him from covering shifts for other employees.

iii.  Whether Defendants further retaliated against all Front of House employees by imposing new restrictions on them and terminating benefits.

iv.  Quantum of overtime wages Plaintiffs are entitled to under the FLSA in an amount equal to one and one-half times their rate of pay.

v.  Whether Defendants engaged in unethical, oppressive, unscrupulous, or substantially injurious conduct under by (1) terminating Plaintiffs after notifying Defendants of illegal practices; (2) deducting credit card processing fees simultaneously from customers and employee tips; and (3) representing that its tip pool was legal even though it had only just stopped taking a tip credit after being notified it was illegal.

## 9. CONTESTED ISSUES OF LAW

i.  Overtime violations under the FLSA have been stipulated to by Defendants leaving the calculation of those FLSA claims, liquidated damages, attorney fees, and costs the only remaining element to those claims.

ii.  Whether servers and expeditors are owed back wages for tip pooling during shifts when they were paid below the minimum wage and when Sara (a manager working as a manager) clocked in as a server. These amounts would impact the hourly rate related to those class members with unpaid overtime claims.

iii.  Whether Defendants' excess deduction of credit card processing fees was in violation of law and/or the Louisiana Wage Payment Act, La. R.S. 23:631 as an illegal fine. These amounts would impact the hourly rate related to those class members with unpaid overtime claims.

iv.  Whether Plaintiffs are entitled to statutory penalty wages, costs, and attorney fees for violations of the Louisiana Wage Payment Act claims.

v.  Whether Defendants' actions in withholding monies from employee paychecks, which said employees were owed, amounts to their conversion of funds under Louisiana law.

**10. EXHIBIT LIST**

a. <u>Plaintiffs' Exhibits</u>

|  | Description and Anticipated Witness | Bates Range | Objection to Authenticity? | Objection to Relevancy? |
|---|---|---|---|---|
| P1 | Account Statement Chase Sapphire credit card | | | |
| P2 | Account Statement for MileagePlus United credit card | | | |
| P3 | Balance Sheets, 2020-2023 | | | |
| P4 | Detailed Transaction Sheets, 2023 | | | |
| P5 | Documents presented to Defendant Chotikarnkul at first meeting with Plaintiffs | | | |
| P6 | Documents presented to Defendant Chotikarnkul at second meeting with Plaintiffs | | | |
| P7 | Employee W-2s, 2022-2024 | | | |
| P8 | Letter and anti-spoliation notice from Plaintiff's counsel dated June 9, 2025 | | | |
| P9 | Letter from Defendants' counsel John D. Perez dated May 9, 2025 | | | |
| P10 | Monthly Credit Card Processing Fee Statements, 2022-2025 | | | |
| P11 | Monthly Payroll, 2022-2024 | | | |
| P12 | Monthly Paystubs for Defendant Chotikarnkul's, 2022-2024 | | | |
| P13 | Monthly Paystubs for Plaintiffs showing unpaid overtime | | | |
| P14 | Photograph of Cellphone Box | | | |
| P15 | Photograph of Family Meal Schedule | | | |
| P16 | Photograph of POS taken by Plaintiff Pulliam | | | |
| P17 | Photograph of Shift Schedule | | | |
| P18 | Photographs of Tip Log Book showing Manager included in tip pool | | | |
| P19 | Photograph of Tip Out Jars | | | |
| P20 | Tax Returns for Banana Blossom, 2022-2024 | | | |
| P21 | Tax Returns for Rattanasak Chotikarnkul, 2022-2024 | | | |
| P22 | Text messages between Plaintiff Pulliam and Defendant Chotikarnkul | | | |
| P23 | Text messages with Banana Blossom front of house employees and Ms. Jinawong | | | |
| P24 | Text messages with Defendant Chotikarnkul and Plaintiff Simpson, the May 4, 2025 "Chopping | | | |

| | | | | |
|---|---|---|---|---|
| | block list" photograph | | | |
| P25 | Text messages with the Permanent Banana Blossom employees | | | |
| P26 | Tip Log Book pages, July 2025 through August 2025 | | | |
| P27 | Written responses to Plaintiffs' discovery requests | | | |
| P28 | Summary/Demonstrative of Overtime Calculations | | | |
| P29 | Summary/Demonstrative of Tip Pooling and Credit Card processing Fees | | | |
| | Demonstrative Exhibits of any of the above | | | |

Defendants:

i.     Any and all exhibits listed or introduced by any other party to this proceeding; and

ii.    Any exhibit necessary to be introduced for the rebuttal or impeachment of any testimony

introduced at trial whether via live witness, transcripts, or otherwise.

## 11. DEPOSITION TESTIMONY

Plaintiffs:

i.     Transcript of the 30(b)(6) deposition of Banana Blossom;

ii.    Transcript of the deposition of Christian Nguyen;

iii.   Transcript of the deposition of Kulisara Jinawong; and

iv.    Transcript of the deposition of Rattanasak Chotikarnkul.

Defendants:

i.     Any and all deposition testimony listed or introduced by any other party to this proceeding;

and

ii.    Any deposition testimony necessary to be introduced for the rebuttal or impeachment of any

testimony introduced at trial whether via live witness, transcripts, or otherwise.

9

## 12.  CHARTS, GRAPHS, MODELS, AND SCHEMATIC DIAGRAMS

After circulating to Defendants, Plaintiffs will use demonstrative graphs to demonstrate the tip pooling structure (see R. Doc. 1 at 1) and charts to organize testimony about hours worked and money owed.

Defendant will introduce charts demonstrating the calculation of damages utilized by Plaintiffs and what they believe to be the correct calculations of damages.

## 13.  "WILL CALL" WITNESSES

Plaintiffs:

The following witnesses will be called by plaintiffs to testify at the trial of this matter. To the extent Plaintiffs' common/class testimony can by represented to and stipulated to by the Parties by one or two Plaintiffs, this will help narrow the testimony of the remaining Plaintiffs to individualized damages and testimony.

- **Assata Simpson (Plaintiff)**: who may be contacted through Plaintiffs' counsel.  Mr. Simpson is expected to give testimony regarding his employment with Defendants, with Defendants' non-payment of overtime and tips, and any other matters as alleged in the Complaint

- **Camran White (Plaintiff)**: who may be contacted through Plaintiffs' counsel.  Ms. White is expected to give testimony regarding her employment with Defendants, with Defendants' non-payment of overtime and tips, and any other matters as alleged in the Complaint.

- **Christian Cuon Van Nguyen:**  Address: 925 Behrman Hwy., Suite J, Gretna, LA.  Mr. Nguyen is expected to give testimony regarding Defendants' income, expenses, tax, and payroll records.

10

- **Connor Pulliam (Plaintiff)**: who may be contacted through Plaintiffs' counsel.  Mr. Pulliam is expected to give testimony regarding his employment with Defendants, with Defendants' non-payment of overtime and tips, retaliation, and any other matters as alleged in the Complaint.

- **Rattanasak "Jimmy" Chotikarnkul (Defendant):** who may be contacted through Defendants' counsel.  Mr. Chotikarnkul is expected to give testimony regarding Defendants' policies, pay practices, and any other matters as alleged in the Complaint.

- **Eric Truong (Plaintiff)**: who may be contacted through Plaintiffs' counsel.  Mr. Truong is expected to give testimony regarding his employment with Defendants, with Defendants' non-payment of overtime and tips, and any other matters as alleged in the Complaint.

- **Katherine Templeton (Plaintiff)**: who may be contacted through Plaintiffs' counsel.  Ms. Templeton is expected to give testimony regarding her employment with Defendants, with Defendants' non-payment of overtime and tips, and any other matters as alleged in the Complaint.

- **Kaylen Marbry (Plaintiff)**: who may be contacted through Plaintiffs' counsel.  Ms. Marbry is expected to give testimony regarding her employment with Defendants, with Defendants' non-payment of overtime and tips, and any other matters as alleged in the Complaint.

- **Kulisara Jinawong ("Sara Saur")**: Email: kulisara4jinawong@gmail.com; Phone: (504)-655-5705.  Ms. Jinawong is expected to give testimony regarding Plaintiffs' employment with Defendants, with Defendants' non-payment of overtime, participation in the tip pool, and management decisions in response to Plaintiffs' complaints.

- **Majella "MJ" Villaeba (Plaintiff)**: who may be contacted through Plaintiffs' counsel.  Ms. Villaeba is expected to give testimony regarding her employment with Defendants, with

Defendants' non-payment of overtime and tips, and any other matters as alleged in the Complaint.

- **Pakanan "Mew" Tonsakul (Plaintiff)**: who may be contacted through Plaintiffs' counsel. Ms. Tonsakul is expected to give testimony regarding her employment with Defendants, with Defendants' non-payment of overtime and tips, and any other matters as alleged in the Complaint.

- **Vincent Nguyen (Plaintiff)**: who may be contacted through Plaintiffs' counsel. Mr. Nguyen is expected to give testimony regarding his employment with Defendants, with Defendants' non-payment of overtime and tips, and any other matters as alleged in the Complaint.

- **Other collective members who opt-in between now and trial.**

Plaintiffs and Defendants certify that their Witness Lists were filed into the record in accordance with prior court orders and the Federal Rules of Civil Procedure.

Defendants:

1.      **Rattanasak "Jimmy" Chotikarnkul (Defendant):** who may be contacted through Defendants' counsel. Mr. Chotikarnkul is expected to give testimony regarding Defendants' policies, pay practices, and any other matters as alleged in the Complaint.;

2.      **Sara _____:** who may be contacted via telephone at _____ and whose last known address is _____. Sara will testify as to the policies, activities, structure and execution of the tip-sharing pool, overtime work and pay, treatment of other employees and her own personal employment with Defendant;

- **Kulisara Jinawong ("Sara Saur")**: Email: kulisara4jinawong@gmail.com; Phone: (504)-655-5705. Ms. Jinawong is expected to give testimony regarding Plaintiffs' employment with Defendants, with Defendants' non-payment of overtime, participation in the tip pool, and management decisions in response to Plaintiffs' complaints.

**3**.        Any and all witnesses listed or called to testify by any other party to this proceeding; and

**4**.        Any and all witnesses necessary to be introduced for the rebuttal or impeachment of any testimony introduced at trial whether via live witness, transcripts, or otherwise..

## 14. JURY OR NON-JURY

This case will be heard in front of a jury. Proposed jury instructions, special jury interrogatories, trial memoranda, and any special questions that the Court is asked to put to prospective jurors on *voir dire* shall be electronically filed with the Court not later than five working days prior to the trial date, unless specific leave to the contrary is granted by the Court. If Plaintiffs prevail in any recovery under the FLSA, LWPA, or LUTPA, the award of liquidated damages and attorney's fees and costs will be decided by the Court on a post-trial motion if not agreed to by the Parties.

## 15. LIABILITY

Defendants have stipulated to liability for unpaid overtime wages under the FLSA. Defendants have also refused to pay any unpaid wages after amicable demand, a violations of the LWPA.

## 16. OTHER MATTERS

None at this time.

## 17. TRIAL

Trial shall commence on Monday, August 17th, 2026 at 9:00 A.M. Trial is estimated to last five days.

## 18. PRE-TRIAL ORDER

This Pre-Trial Order has been formulated after a conference at which counsel for the respective parties have appeared in person.  Reasonable opportunity has been afforded counsel for corrections or additions, prior to signing.  Hereafter, this order will control the course of the trial and

may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

### 19. SETTLEMENT

Possibility of settlement of this case was considered and conferences held with the Magistrate Judge.

Respectfully submitted:

**MOST & ASSOCIATES**                    **KENNETH C. BORDES, ATTORNEY AT LAW, LLC**

*/s/ HOPE PHELPS*                         */s/ KENNETH C. BORDES*
**WILLIAM MOST (LA. BAR NO. 36914)**      **KENNETH C. BORDES (LA. BAR NO. 35668)**
**HOPE PHELPS (LA. BAR NO. 37259)**       **ABIGAIL FLORESCA (LA. BAR NO. 41248)**
201 St. Charles Ave., Ste. 2500, # 9685   3914 Canal St.
New Orleans, LA 70170                      New Orleans, LA 70119
Tel: 504-500-7974                          Telephone: 504-588-2700
E-Mail: hopeaphelps@outlook.com            E-Mail: kcb@kennethbordes.com

*Counsel for Plaintiffs*

**BUTLER MCDONALD**

*/S/ JOHN D. PEREZ*
**JOHN D. PEREZ (LA BAR NO. 39302)**
**MARK R. LADD (LA BAR NO. 30847)**
2450 Severn Avenue, Suite 400
Metairie, LA 70001
Telephone: (504) 285-5440
E-Mail: jperez@bmcdlaw.com
E-Mail: mlass@bcmdlaw.com

*Counsel for Defendants*

14