**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CONNOR PULLIAM, ET AL.**

**VERSUS**

**BANANA BLOSSOM THAI CAFÉ, LLC, ET AL.**

**CIVIL ACTION NO. 25-1341**

**SECTION "G" (5)**

## PLAINTIFFS' PRETRIAL MEMORANDUM OF CONTESTED ISSUES OF LAW

Plaintiffs Connor Pulliam, Eric Truong, Majella "MJ" Villaeba, Katherine Templeton, Assata Simpson, Pakanan Tonsakul, Camran White, Kaylen Marbry, and Vincent Nguyen, through undersigned, submit this pre-trial memorandum of contested issues of law per the Court's pre-trial order. R. Doc. 11-1.

This is a straightforward unpaid wage case pursuant to the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* ("FLSA") and Louisiana state law.  Defendant Banana Blossom, owned and operated by owner Rattanasak "Jimmy" Chotikarnkul, systematically failed to pay overtime wages to employees who worked more than 40 hours in a workweek, improperly implemented a tip pool, improperly paid tips to salaried managers, improperly deducted fees from employee tips, and failed to provide employees notice of a tip credit.  Thus far, Defendants have stipulated to liability for nonpayment of overtime wages in violation of the FLSA. While the amount of overtime owed remains to be calculated, Defendants have also admitted to practices such as throwing away employee wage records in further violation of the FLSA, further complicating Plaintiffs' recovery of their owed wages. 29 U.S.C. § 211.

Plaintiffs therefore request entry of judgment against Defendants Banana Blossom and Jimmy Chotikarnkul, finding each liable as a joint employer, and entering damages according to proof at trial as well as penalties pursuant to section 216(b) of the FLSA, section 632 of the Louisiana Wage

Payment Act, and the Louisiana Unfair Trade Practices Act.

   **i.     Plaintiffs are owed unpaid overtime, liquidated damages, attorneys' fees, and costs.**

In an action for unpaid overtime compensation, a plaintiff is entitled to recover for uncompensated overtime hours at "a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(2). A plaintiff is entitled to liquidated damages equal to the amount of unpaid wages for willful violations of the FLSA. 29 U.S.C. §216(b). "Under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith." *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999). Further, the FLSA mandates an award of reasonable attorney's fees and costs to a prevailing plaintiff. *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979).

While Defendants stipulate to liability for overtime wages, they dispute Plaintiffs' proposed calculations for owed overtime. R. Doc. 32-1, pp. 45-48. Yet, Defendants admit that Banana Blossom did not maintain weekly hour records for employees in violation of the requirements under the FLSA until at least the filing of the instant lawsuit. *See, e.g.,* R. Doc. 27-1, pp. 14-16; R. Doc. 32-1, pp. 41-42. Instead, hours were first only tracked monthly, and later, bi-weekly basis. R. Doc. 32-1, pp. 41-42.

In *Anderson v. Mt. Clemmens Pottery,* the Supreme Court clarified that an employee should not be penalized for an employer's failure to maintain accurate wage and hour records. In circumstances where an employee has limited access to accurate employee records, the Court provided as follows:

> "An employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate."
> *Anderson v. Mt Clemens Pottery Co*, 328 U.S. 680, 687 (1946).

Relying on the limited payroll records produced by Defendants, Plaintiffs are prepared to testify to an approximate amount of overtime owed by Defendants. As Banana Blossom disputes Plaintiffs' proposed overtime calculations, the burden remains with *Banana Blossom* to produce evidence of the precise amount of work performed by Plaintiffs or any evidence in contravention to Plaintiffs' proposed calculation. Given Defendants' admission that records are not maintained, Banana Blossom is unlikely to uphold this burden. Thus, Defendants are liable for (1) unpaid overtime, (2) liquidated damages, (3) Plaintiffs' attorney fees, and (4) costs to be determined at trial.

**ii.   Servers and expeditors are owed back wages for tip pooling pursuant to the FLSA.**

The FLSA contains an exception that permits employers to pay less than the general minimum wage—$2.13 per hour—to a "tipped employee" as long as the employee's tips make up the difference between the $2.13 minimum wage and the general minimum wage. 29 U.S.C. § 203(m); *see also Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 874 (8th Cir. 2011). This employer discount is commonly referred to as a "tip credit." *See Fast*, 638 F.3d at 874. Importantly, a restaurant is restricted from claiming a tip credit unless "all tips received by [a tipped] employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). Thus, the general rule is that an employer cannot claim the tip credit unless a tipped employee is permitted to retain all of his tips. *See id.* The statute provides a limited exception to this rule by permitting "the pooling of tips among employees who customarily and regularly receive tips." *Id.* If an employee is required to share tips with an employee who does not customarily and regularly receive tips, the employer may not legally take a tip credit. *Montano v. Montrose Rest. Assocs., Inc.*, 800 F.3d 186, 189 (5th Cir. 2015).

Under section 216, any employer who violates section 203(m)(2)(B) the FLSA is liable for (1) the amount of the tip credit taken, (2) all tips kept by the employer, and (3) an additional amount of these values in liquidated damages. 29 U.S.C. § 216(b).

Until May of 2025, Banana Blossom servers were paid less than minimum wage at $5.00 per hour. *See* R. Doc. 32-1, pp. 20-21. During that time, servers were paid less than minimum wage but received tips per their employment agreement. R. Doc. 32-1, pp. 21-22. This is a tip credit. While taking this tip credit Banana Blossom also had a tip pool arrangement with front-of-house and salaried kitchen staff where after first deducting a "credit-card" fee from total tips, 10% of tips then went to BOH staff, 5% to the host, and finally, remaining tips were split among the servers and expediters. R. Doc. 32-1, pp. 51-53. Additionally, the salaried general manager of Banana Blossom occasionally split tips with servers and expediters when she covered a position. R. Doc. 32-1, p. 53; R. Doc. 41-2, pp. 17-20. Under the FLSA, Banana Blossom is prohibited from simultaneously taking a tip credit from servers and expediters while also pooling their tips with salaried kitchen staff and/or managers who do not normally receive tips. Thus, Banana Blossom is liable to employees for the $2.25 tip credit taken for each sever/expediter each shift, the value of tips given out to other employees in the tip pool, and liquidated damages.

### iii.    Servers and expeditors are owed back wages for improper credit card processing fees pursuant to the FLSA.

Generally, an employer may not retain any portion of employee tips for any reason. 29 U.S.C. § 203(m)(2)(b). However, the Fifth Circuit adopted a narrow exception where an employer incurs fees converting a charged tip to cash. In *Steele v. Leason Enters., Ltd.,* a restaurant had a practice of offsetting an indiscriminate 3.25% fee from all tips made on credit card charges. 826 F.3d 237, 241 (5th Cir. 2016). The actual transactional fees were much lower than 3.25%, allowing the restaurant to profit as much as $39,000.00 a year from the offset tips alone. *Id.* at 244. The Fifth Circuit affirmed that charging a transactional fee in excess of actual transactional credit card fees violated the FLSA, concluding "an employer only has a legal right to deduct those costs that are required to make such a collection." *Id.* at 245.

4

Under section 216, any employer who violates section 203(m)(2)(B) the FLSA is liable for all tips kept by the employer, and an additional amount of these values in liquidated damages. 29 U.S.C. § 216(b).

Since 2012, Banana Blossom has retained a percentage from the tip pool for "credit card fees." R. Doc. 32-1, p. 51, 58-59.  The fee was applied regardless of the card—even debit cards. R. Doc. 32-1, p. 60.  From 2015-2024, the fee was at or around 5%. R. Doc. 32-1, p. 58-60.   From 2024 to mid-May 2025, the fee was at 2%. *Id.*  After employees complained about the fees in May of 2025, the fee was eliminated. *Id.*

During a portion of the relevant time period for the collective action, Banana Blossom's fee was even higher than that found illegal in *Steele*.  Even more extreme than *Steele*, Banana Blossom deducted a fee regardless of whether there was even a transaction fee charged by the card. Based on the relevant law, Banana Blossom is liable to employees for the difference between the actual credit card fees charged and the value of the tips retained by Banana Blossom as a "credit card fee," plus that same amount in liquidated damages.

iv.  **Defendants' deduction of credit card processing fees was in violation of the Louisiana Wage Payment Act, La. R.S. 23:631 as an illegal fine.**

Under section 635 of the Louisiana Wage Payment Act ("LWPA"), "[n]o person, acting either for himself or as agent or otherwise, shall assess any fines against his employees or deduct any sum as fines from their wages." La. R.S. 23:635.  "There is no statutory provision which allows an employer to unilaterally reduce the amount of wages owed an employee, absent the specific exceptions contained within Section 23:635." *Smith v. Acadiana Mortg. of La., Inc.*, 42795 (La. App. 2 Cir. 01/30/08); 975 So.2d 143, 150.  Further, "since 'fines' are against public policy, the employer may not deduct a 'fine' even if the employee consents to the deduction." *Stegall v. Orr Motors of Little Rock, Inc.*, 121 So. 3d 684, 690 (La. Ct. App. 2013) (citation omitted).  "A fine, within the meaning of LSA-R.S. 23:635, is a

5

pecuniary penalty imposed for the violation of some law, rule or regulation." *Brown v. Navarre Chevrolet, Inc.*, 610 So.2d 165, 170 (La. App. 3 Cir. 1992).

The three narrow exceptions allowing assessment of fines under the LWPA are cases where (1) the employees willfully or negligently damage goods or works, (2) where the employees willfully or negligently damage or break the property of the employer, and (3) where the employee is convicted or has pled guilty to the crime of theft of employer funds.

As discussed above, Banana Blossom has testified to taking a fee from employees' tips for "credit card fees." R. Doc. 32-1, p. 51, 58-60. While Banana Blossom did identify an employee who allegedly stole money, Banana Blossom has never claimed that any of the named Plaintiffs or putative class members have damaged any goods or works, damaged or broken property, or been convicted/pled guilty to the crime of theft of employer funds. *Cf.* R. Doc. 32-1, pp. 64-65.

v. **Defendants' actions in withholding monies from employee paychecks, which said employees were owed, amount to their conversion of funds under Louisiana law.**

"Any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time, is a conversion." *Aymond v. State of Louisiana, Dep't of Revenue and Taxation*, 672 So. 2d 273, 275 (La. Ct. App. 1st Cir. 1996) (internal citations omitted). "Although an employer is free to terminate his employees at any time, he may not retroactively take away their wages for any reason. Wages and bonuses, once earned, are the property of the employee, not the employer." *Foshee v. Georgia Gulf Chems. & Vinyls, LLC*, 42 So.3d 346, 351 (La. 2010). An employee's right to retain their tips is also confirmed by the FLSA. *See, e.g.,* 29 U.S.C. § 203(m)(2)(b). As discussed at length above, Banana Blossom testified to retaining employee tips for an excessive and arbitrary fee. R. Doc. 32-1, p. 51, 58-60. Thus, Banana Blossom retained Plaintiffs' property, constituting the tort of conversion under Louisiana state law.

**vi.    Plaintiffs are entitled to statutory penalty wages, costs, and attorney fees under the Louisiana Wage Payment Act.**

A Defendant "shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made." La. R.S. 23:632(A). When an employer violates La. R.S. 23:631, it is the employer's burden, not the claimant, to prove their refusal to pay owed wages was in good faith, and not just the absence of bad faith – there is a legal distinction.  An "employer's mere negligence does not constitute a good faith defense." *Dixon v. City of Alexandria*, 222 So. 3d 739, 755 (La. App. 3 Cir. 5/31/17) citing *Steak v. Hat World, Inc.*, 191 So.3d 712 (La. App. 4 Cir. 5/4/16).

If there is a dispute as to the amount of earned wages owed to an employee, "the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of [La. R.S 23:631]." La. R.S. 23:631(B) (emphasis added). Refusal to tender an amount admittedly due the employee under La. R.S. 23:631 because other wages are disputed does not constitute a good faith defense. *Duhon v. Prof Erny's Music Co., Inc.*, 328 So.2d 788, 790 (La. App. 3 Cir. 1976); *Hess v. Pembo*, 422 So. 2d 503, 508 (La. App. 4 Cir. 1982). Nor does reliance on the advice of an attorney to withhold an employee's owed wages in response to amicable demand constitute an equitable defense. *Divittorio*, 32022-0392, at *16 (La. App. 1 Cir. 12/27/22) 60 So. 3d 841, 852. (affirming a decision to award penalties despite an employer's argument that she relied on the advice of outside counsel rejecting the plaintiffs' demands for bonus payments).

Defendants present no good faith basis for failing to pay employees' earned wages. In fact, their conduct clearly demonstrates otherwise. After the named Plaintiffs complained about wage violations, instead of paying Plaintiffs, Defendants imposed new restrictions on all employees, and constructively terminated other employees. R. Doc. 32-1, pp. 71-80. Further, Defendants' assertion that employees agreed to the illegal pay structures fails, because an internal policy does not invalidate

7

public policy. *See* R. Doc. 32-1, pp. 22, 52, 57, 71. More than 90 days have elapsed since Plaintiffs made their demand for their owed wages. Thus, Banana Blossom is liable to Plaintiffs for full penalties under the LWPA.

Respectfully submitted:

**MOST & ASSOCIATES**                                            **KENNETH C. BORDES, ATTORNEY AT LAW, LLC**

*/s/ Hope Phelps*
WILLIAM MOST, (La. Bar No. 36914)              KENNETH C. BORDES (La. Bar No. 35668)
HOPE PHELPS, (La. Bar No. 37259)                 ABIGAIL FLORESCA (La. Bar No. 41248)
201 St. Charles Ave., Ste. 2500, #9685            3914 Canal St.
New Orleans, LA 70170                                    New Orleans, Louisiana 70119
Telephone: (504) 509-5023                             Telephone: 504-588-2700
Telephone: (504) 500-7974                             Facsimile: 504-708-1717
Fax: (504) 414-6400                                        E-Mail: kcb@kennethbordes.com
williammost@gmail.com
hopeaphelps@outlook.com

*Counsel for Plaintiffs*