**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CONNOR PULLIAM, ET AL.**                                          **25-CV-1341**

**VERSUS**                                                          **SECTION "G"(5)**

**BANANA BLOSSOM THAI CAFE, LLC.,**
**ET AL**

<u>**PRETRIAL MEMORANDUM ON CONTESTED ISSUES OF LAW**</u>

**I. Introduction**

This memorandum identifies Defendants' position regarding the Joint Proposed Pre-Trial

Order and the contested issues of law to be resolved at trial or in pretrial rulings. It is submitted

pursuant to the Court's Scheduling Order (Doc. No. 11) and Pre-Trial Notice (Doc. No. 11-1) and

Federal Rule of Civil Procedure 16.

**II. Contested Issues of Law**

    **i.**    **Overtime violations under the FLSA have been stipulated to by Defendants leaving the calculation of those FLSA claims, liquidated damages, attorney fees, and costs the only remaining element to those claims.**

Under 29 U.S.C. § 207(e), the regular rate includes only remuneration paid to or on behalf

of the employee for employment. Any adjustments to tips or fees must not improperly double-

count base wages or tip credits already factored into the statutory math.

Out of an abundance of caution, the calculation of overtime should only be factored to the

"half-time" calculated, as the base "time" has already been paid to the employees. As far as

recalculating the overtime where weekly hours cannot be recalled, establishing a historical

work pattern to average the amount of weeks an employee worked overtime as well as the

amount of hours worked over 40 hours in an overtime week would be the most prudent method to establish overtime hours.

Liquidated damages are not automatic. Defendants acted at all times in good-faith reliance on standard industry payroll practices and reasonable interpretations of applicable labor regulations. Because Defendants did not act with willful disregard or bad faith, this Court should exercise its statutory discretion to deny or substantially reduce liquidated damages. Under 29 U.S.C. § 216(b), any award of attorney fees must be strictly limited to reasonable hours expended directly on the stipulated overtime issue, excluding hours spent pursuing frivolous state-law claims or redundant tort theories.

ii.    **Whether servers and expeditors are owed back wages for tip pooling during shifts when they were paid below the minimum wage and when Sara (a manager working as a manager) clocked in as a server. These amounts would impact the hourly rate related to those class members with unpaid overtime claims.**

Even if Sara's participation in the tip pool during specific shifts violated technical Department of Labor (DOL) guidance regarding managers retaining tips, the proper legal remedy is **not** to invalidate the entire tip pool for all employees across all shifts. The appropriate remedy—if any—is strictly limited to disgorging the specific tip amounts Sara directly received on those specific shifts and redistributing them to eligible participating staff. The tip credit remains valid for all other shifts and compliant staff, meaning base hourly regular rates for overtime calculations remain unaltered.

iii.    **Whether Defendants' excess deduction of credit card processing fees was in violation of law and/or the Louisiana Wage Payment Act, La. R.S. 23:631 as an illegal fine. These amounts would impact the hourly rate related to those class members with unpaid overtime claims.**

It is well-settled federal law that an employer may deduct the actual transactional cost charged by a credit card processor from a server's charged tips, provided the deduction does not reduce the employee's net earnings below the statutory minimum wage (*see* DOL Field Operations Handbook § 30d05). Louisiana Revised Statute 23:635 prohibits employers from assessing "fines" against employees. However, reimbursing the business for third-party transactional costs incurred to convert a customer's credit charge into cash for the server is a administrative pass-through expense, not a penalty or fine. Because these pass-through deductions reflect actual third-party costs borne to facilitate tip payouts, they do not constitute unlawful withholdings and cannot be used to retroactively alter or inflate the regular rate of pay for overtime claims.

iv.     **Whether Plaintiffs are entitled to statutory penalty wages, costs, and attorney fees for violations of the Louisiana Wage Payment Act claims.**

While we agree that the Plaintiffs may be eligible for those particular items of damage, the underlying calculations of the damages themselves are in dispute. Once properly calculated, the attributable penalty wages, costs and reasonable attorney's fees are not contested.

v.     **Whether Defendants' actions in withholding monies from employee paychecks, which said employees were owed, amounts to their conversion of funds under Louisiana law.**

Under Louisiana law, a claim for conversion of funds requires a demand for specific, identifiable money (e.g., physically segregated cash in a bag or a specific escrow account), rather than a general claim for unliquidated debt or unpaid employment compensation. The FLSA and the LWPA provide comprehensive statutory schemes designed specifically to address unpaid wages, overtime, and improper deductions. Permitting a parallel common-law

tort claim for conversion would circumvent statutory remedies, result in impermissible double recovery, and disrupt settled labor law jurisprudence.

## III. Conclusion

Defendants respectfully submit these contested issues of law for resolution at trial or in pretrial rulings.

Respectfully submitted;
**BUTLER MCDONALD**


/s/ John D. Perez
JOHN D. PEREZ (#39302)
MARK R. LADD (#30847)
2450 Severn Avenue, Ste. 400
Metairie, Louisiana 70001
O: 504-285-5440
F: 504-407-2101
e-mail: jperez@bmcdlaw.com
e-mail: mladd@bmcdlaw.com
**Counsel for Defendants**