**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

CONNOR PULLIAM, ET AL.                    CIVIL ACTION NO. 25-1341

VERSUS                                    SECTION "G" (5)

BANANA BLOSSOM THAI CAFÉ, LLC,
ET AL.

**JOINT PROPOSED JURY INTERROGATORIES**

Plaintiffs Connor Pulliam, Eric Truong, Majella "MJ" Villaeba, Katherine Templeton,

Assata Simpson, Pakanan Tonsakul, Camran White, Kaylen Marbry, and Vincent Nguyen (collectively,

"Plaintiffs"), and Defendants Banana Blossom, LLC and Rattanasak Chotikarnkul (collectively,

"Defendants"), respectfully submit these proposed jury interrogatories in advance of the August 17,

2026 trial.

Respectfully submitted:

| | |
|---|---|
| **MOST & ASSOCIATES** | **KENNETH C. BORDES,** |
| */s/ William Most* | **ATTORNEY AT LAW, LLC** |
| WILLIAM MOST (La. Bar No. 36914) | KENNETH C. BORDES (La. Bar No. 35668) |
| HOPE PHELPS (La. Bar No. 37259) | ABIGAIL FLORESCA (La. Bar No. 41248) |
| 201 St. Charles Ave., Ste. 2500, # 9685 | 3914 Canal St. |
| New Orleans, LA 70170 | New Orleans, LA 70119 |
| Tel: 504-500-7974 | Tel: 504-588-2700 |
| hopeaphelps@outlook.com | kcb@kennethbordes.com |

*Counsel for Plaintiffs*

**BUTLER MCDONALD**

*/s/ John D. Perez*
JOHN D. PEREZ (#39302)
MARK R. LADD (#30847)
2450 Severn Avenue, Ste. 400
Metairie, Louisiana 70001
O: 504-285-5440
F: 504-407-2101
e-mail: jperez@bmcdlaw.com
e-mail: mladd@bmcdlaw.com
*Counsel for Defendants*

Members of the jury: answer the following questions according to the Court's instructions.

Some questions ask you to answer "Yes" or "No." Some ask you to write a number of hours, a number of weeks, or a percentage. Some ask you to write a dollar amount.

Where a question asks for a number of hours, a number of weeks, or a percentage, do not try to calculate any dollar amount. The Court will apply the rates the parties have agreed to and compute what is owed after you return your verdict.

The questions are numbered continuously from 1 through 23. Answer them in order. After each question, follow the direction telling you where to go next. If a direction sends you past a question, leave that question blank.

Unless a question says otherwise, "Defendants" means both Banana Blossom Thai Café, LLC and Rattanasak "Jimmy" Chotikarnkul. Where you award an amount against "Defendants," both are fully responsible for it. Do not divide any amount between them.

**Your answers must be unanimous.**

## SECTION I — UNPAID OVERTIME

*Defendants have stipulated that they did not pay overtime as required by law. You are not asked to decide whether a violation occurred. You are asked to decide how much overtime each Plaintiff worked.*

### QUESTION NO. 1

Has each Plaintiff listed below proven, by a preponderance of the evidence, that he or she worked more than 40 hours in at least one workweek while employed by Banana Blossom?

| Plaintiff | Yes | No |
|---|---|---|
| Connor Pulliam | _____ | _____ |
| Eric Truong | _____ | _____ |
| Majella "MJ" Villaeba | _____ | _____ |
| Katherine Templeton | _____ | _____ |
| Assata "Ace" Simpson | _____ | _____ |
| Pakanan "Mew" Tonsakul | _____ | _____ |
| Camran White | _____ | _____ |
| Kaylen Marbry | _____ | _____ |
| Vincent Nguyen | _____ | _____ |

*If you answered "Yes" for at least one Plaintiff, go to Question No. 2. If you answered "No" for every Plaintiff, skip Questions 2 and 3 and go to Question No. 4.*

### QUESTION NO. 2

For each Plaintiff you answered "Yes" to in Question No. 1: in a workweek in which that Plaintiff worked more than 40 hours, on average how many hours over 40 did the Plaintiff work?

| Plaintiff | Average hours over 40 |
|---|---|
| Connor Pulliam | _____ |
| Eric Truong | _____ |
| Majella "MJ" Villaeba | _____ |
| Katherine Templeton | _____ |

| Plaintiff | Average hours over 40 |
|---|---|
| Assata "Ace" Simpson | _____ |
| Pakanan "Mew" Tonsakul | _____ |
| Camran White | _____ |
| Kaylen Marbry | _____ |
| Vincent Nguyen | _____ |

*Go to Question No. 3.*

## QUESTION NO. 3

For each Plaintiff you answered "Yes" to in Question No. 1: during that Plaintiff's employment, in how many workweeks did the Plaintiff work more than 40 hours?

| Plaintiff | Number of workweeks over 40 |
|---|---|
| Connor Pulliam | _____ |
| Eric Truong | _____ |
| Majella "MJ" Villaeba | _____ |
| Katherine Templeton | _____ |
| Assata "Ace" Simpson | _____ |
| Pakanan "Mew" Tonsakul | _____ |
| Camran White | _____ |
| Kaylen Marbry | _____ |
| Vincent Nguyen | _____ |

*Go to Question No. 4.*

## QUESTION NO. 4

Have Plaintiffs proven, by a preponderance of the evidence, that Defendants either knew that failing to pay overtime violated the Fair Labor Standards Act, or showed reckless disregard for whether it did?

| | Yes | No |
|---|---|---|
| Answer: | _____ | _____ |

*This answer sets the period of time your findings cover. It does not change any number you have written. The Court will apply it. Go to Section II.*

## SECTION II — MINIMUM WAGE AND TIPS

*Questions 6 and 7 offer two alternative ways of measuring the same loss. Answer both. The Court will award only the greater of the two, and no Plaintiff will be paid twice for the same money. See Jury Instruction No. 25.*

### QUESTION NO. 5

Has each Plaintiff listed below proven, by a preponderance of the evidence, that he or she worked as a server or expeditor at a cash wage of $5.00 per hour at some time before mid-May 2025?

| Plaintiff | Yes | No |
|---|---|---|
| Connor Pulliam | _____ | _____ |
| Eric Truong | _____ | _____ |
| Majella "MJ" Villaeba | _____ | _____ |
| Katherine Templeton | _____ | _____ |
| Assata "Ace" Simpson | _____ | _____ |
| Pakanan "Mew" Tonsakul | _____ | _____ |
| Camran White | _____ | _____ |
| Kaylen Marbry | _____ | _____ |
| Vincent Nguyen | _____ | _____ |

*If you answered "Yes" for at least one Plaintiff, go to Question No. 6. If you answered "No" for every Plaintiff, skip Questions 6 and 7 and go to Question No. 8.*

### QUESTION NO. 6

FIRST MEASURE.

For each Plaintiff you answered "Yes" to in Question No. 5: how many total hours did that Plaintiff work at the $5.00 cash wage?

| Plaintiff | Total hours worked at $5.00 |
|---|---|
| Connor Pulliam | _____ |
| Eric Truong | _____ |
| Majella "MJ" Villaeba | _____ |

| Plaintiff | Total hours worked at $5.00 |
|---|---|
| Katherine Templeton | _____ |
| Assata "Ace" Simpson | _____ |
| Pakanan "Mew" Tonsakul | _____ |
| Camran White | _____ |
| Kaylen Marbry | _____ |
| Vincent Nguyen | _____ |

*Go to Question No. 7.*

## **QUESTION NO. 7**

SECOND MEASURE — IN THE ALTERNATIVE.

For each Plaintiff you answered "Yes" to in Question No. 5: what sum of money represents the tips that were taken out of the tip pool and given to employees who were not eligible to share in it?

| Plaintiff | Amount |
|---|---|
| Connor Pulliam | $ _____ |
| Eric Truong | $ _____ |
| Majella "MJ" Villaeba | $ _____ |
| Katherine Templeton | $ _____ |
| Assata "Ace" Simpson | $ _____ |
| Pakanan "Mew" Tonsakul | $ _____ |
| Camran White | $ _____ |
| Kaylen Marbry | $ _____ |
| Vincent Nguyen | $ _____ |

*Go to Question No. 8.*

## **QUESTION NO. 8**

Have Plaintiffs proven, by a preponderance of the evidence, that Kulisara "Sara" Jinawong was a manager or supervisor and received a portion of the tip pool?

|  | **Yes** | **No** |
|---|---|---|
| Answer: | _____ | _____ |

*If you answered "Yes," go to Question No. 9. If you answered "No," skip Question No. 9 and go to Question No. 10.*

## QUESTION NO. 9

On average, what share of the tip pool did Ms. Jinawong receive? Write a percentage.

|  | **Answer** |
|---|---|
| Average share of the tip pool received by Ms. Jinawong: | _____ % |

*The Court will apply this percentage to the tip records. Go to Question No. 10.*

## QUESTION NO. 10

Have Plaintiffs proven, by a preponderance of the evidence, that the percentage Defendants deducted from the tip pool for credit and/or debit card "processing fees" was greater than the processing cost Defendants actually paid?

|  | **Yes** | **No** |
|---|---|---|
| Answer: | _____ | _____ |

*If you answered "Yes," go to Question No. 11. If you answered "No," skip Question No. 11 and go to Section III.*

## QUESTION NO. 11

What percentage did Defendants actually pay to process card transactions during the relevant period? Write a percentage.

|  | **Answer** |
|---|---|
| Actual card processing cost, as a percentage of the transaction: | _____ % |

*The Court will apply this percentage to the tip records. Go to Section III.*

**SECTION III — RETALIATION**

*Questions 12 through 16 concern only the six Plaintiffs who claim retaliation. Question 13 covers the workplace restrictions only. Question 14 covers only the reduction of Connor Pulliam's hours and the bar on covering shifts. Do not award the same loss under both.*

## QUESTION NO. 12

Defendants have stipulated that they imposed new workplace restrictions — earlier shift start times, stricter punishment for tardiness, and a ban on cell phones on the floor — in response to Plaintiffs' complaints about wages. Has each Plaintiff listed below proven, by a preponderance of the evidence, that he or she suffered harm as a result?

| Plaintiff | Yes | No |
|---|---|---|
| Connor Pulliam | _____ | _____ |
| Eric Truong | _____ | _____ |
| Majella "MJ" Villaeba | _____ | _____ |
| Katherine Templeton | _____ | _____ |
| Assata "Ace" Simpson | _____ | _____ |
| Pakanan "Mew" Tonsakul | _____ | _____ |

*If you answered "Yes" for at least one Plaintiff, go to Question No. 13. If you answered "No" for every Plaintiff, skip Question No. 13 and go to Question No. 14.*

## QUESTION NO. 13

For each Plaintiff you answered "Yes" to in Question No. 12: what sum of money would fairly and reasonably compensate that Plaintiff for the harm caused by those workplace restrictions?

| Plaintiff | Lost wages and tips | Emotional harm |
|---|---|---|
| Connor Pulliam | $ _____ | $ _____ |
| Eric Truong | $ _____ | $ _____ |
| Majella "MJ" Villaeba | $ _____ | $ _____ |
| Katherine Templeton | $ _____ | $ _____ |
| Assata "Ace" Simpson | $ _____ | $ _____ |

| Plaintiff | Lost wages and tips | Emotional harm |
|---|---|---|
| Pakanan "Mew" Tonsakul | $ _____ | $ _____ |

*Go to Question No. 14.*

## QUESTION NO. 14

Defendants have stipulated that they limited Connor Pulliam's hours and prohibited him from covering shifts for other employees because Mr. Chotikarnkul disagreed with his position at the meeting about wages. What sum of money would fairly and reasonably compensate Mr. Pulliam for the harm caused by that conduct?

| | Amount |
|---|---|
| Lost wages and tips: | $ _____ |
| Retaliatory/compensatory damages: | $ _____ |

*Go to Question No. 15.*

## QUESTION NO. 15

Has Katherine Templeton proven, by a preponderance of the evidence, that Defendants terminated her because she became a plaintiff in this lawsuit?

| | Yes | No |
|---|---|---|
| Answer: | _____ | _____ |

*If you answered "Yes," go to Question No. 16. If you answered "No," skip Question No. 16 and go to Section IV.*

## QUESTION NO. 16

What sum of money would fairly and reasonably compensate Ms. Templeton for the harm caused by her termination?

| | Amount |
|---|---|
| Lost wages and tips: | $ _____ |
| Retaliatory/compensatory damages: | $ _____ |

*Go to Section IV.*

**SECTION IV — LOUISIANA WAGE PAYMENT ACT**

**QUESTION NO. 17**

Has each Plaintiff listed below proven, by a preponderance of the evidence, that wages were due to that Plaintiff when his or her employment ended, and that Defendants failed to pay them after demand for payment was made?

| Plaintiff | Yes | No |
|---|---|---|
| Connor Pulliam | _____ | _____ |
| Eric Truong | _____ | _____ |
| Majella "MJ" Villaeba | _____ | _____ |
| Katherine Templeton | _____ | _____ |
| Assata "Ace" Simpson | _____ | _____ |
| Pakanan "Mew" Tonsakul | _____ | _____ |
| Camran White | _____ | _____ |
| Kaylen Marbry | _____ | _____ |
| Vincent Nguyen | _____ | _____ |

*Go to Question No. 18.*

**QUESTION NO. 18**

Have Plaintiffs proven, by a preponderance of the evidence, that the amount Defendants withheld from the tip pool, to the extent it exceeded Defendants' actual card processing cost, was a fine or penalty deduction taken from wages the employees had already earned?

| | Yes | No |
|---|---|---|
| Answer: | _____ | _____ |

*If you answered "Yes," go to Question No. 19. If you answered "No," skip Question No. 19 and go to Question No. 20.*

**SECTION V — CONVERSION**

### QUESTION NO. 19

Has each Plaintiff listed below proven, by a preponderance of the evidence, that Defendants exercised control over that Plaintiff's earned tips in a manner inconsistent with the Plaintiff's right to them?

| Plaintiff | Yes | No |
|---|---|---|
| Connor Pulliam | _____ | _____ |
| Eric Truong | _____ | _____ |
| Majella "MJ" Villaeba | _____ | _____ |
| Katherine Templeton | _____ | _____ |
| Assata "Ace" Simpson | _____ | _____ |
| Pakanan "Mew" Tonsakul | _____ | _____ |
| Camran White | _____ | _____ |
| Kaylen Marbry | _____ | _____ |
| Vincent Nguyen | _____ | _____ |

*If you answered "Yes" for at least one Plaintiff, go to Question No. 20. If you answered "No" for every Plaintiff, skip Question No. 20 and go to Section VI.*

### QUESTION NO. 20

For each Plaintiff you answered "Yes" to in Question No. 19: what is the value of the tips converted?

| Plaintiff | Amount |
|---|---|
| Connor Pulliam | $ _____ |
| Eric Truong | $ _____ |
| Majella "MJ" Villaeba | $ _____ |
| Katherine Templeton | $ _____ |
| Assata "Ace" Simpson | $ _____ |

| Plaintiff | Amount |
|---|---|
| Pakanan "Mew" Tonsakul | $ _____ |
| Camran White | $ _____ |
| Kaylen Marbry | $ _____ |
| Vincent Nguyen | $ _____ |

*These may be the same dollars you addressed in Question No. 11. Answer this question on its own terms; the Court will make sure no Plaintiff is paid twice. Go to Section VI.*

## SECTION VI — LOUISIANA UNFAIR TRADE PRACTICES ACT

### QUESTION NO. 21

For each of the following, has any Plaintiff proven by a preponderance of the evidence that the conduct was an unfair or deceptive act or practice as defined in Jury Instruction No. 23 — that is, immoral, unethical, oppressive, unscrupulous, or substantially injurious, or involving fraud, misrepresentation, or deception?

| Conduct | Yes | No |
|---|---|---|
| (a) Limiting Connor Pulliam's hours and barring him from covering shifts | _____ | _____ |
| (b) Terminating Katherine Templeton after she joined this lawsuit | _____ | _____ |
| (c) Deducting card processing fees from customers and from employee tips at the same time | _____ | _____ |
| (d) Representing that the tip pool was lawful after being told it was not | _____ | _____ |

*If you answered "Yes" to at least one item, go to Question No. 22. If you answered "No" to every item, skip Questions 22 and 23 and sign the form.*

### QUESTION NO. 22

For each Plaintiff listed below: what actual loss of money did that Plaintiff sustain as a result of the conduct you marked "Yes" in Question No. 21?

| Plaintiff | Amount |
|---|---|
| Connor Pulliam | $ _____ |
| Eric Truong | $ _____ |
| Majella "MJ" Villaeba | $ _____ |
| Katherine Templeton | $ _____ |
| Assata "Ace" Simpson | $ _____ |
| Pakanan "Mew" Tonsakul | $ _____ |
| Camran White | $ _____ |

| Plaintiff | Amount |
|---|---|
| Kaylen Marbry | $ _____ |
| Vincent Nguyen | $ _____ |

*Where these are the same dollars you awarded elsewhere, the Court will make sure no Plaintiff is paid twice. Go to Question No. 23.*

### QUESTION NO. 23

Have Plaintiffs proven, by a preponderance of the evidence, both that the Louisiana Attorney General put Defendants on notice of the practice, and that Defendants knowingly continued it after that notice?

|  | Yes | No |
|---|---|---|
| Answer: | _____ | _____ |

*If there is no evidence that the Louisiana Attorney General gave such notice, answer "No." Do not increase any amount you have written based on this answer; the Court will apply any multiplier that the law requires.*

## **CERTIFICATION**

We, the jury, unanimously agree to the answers given above. Having answered every question we were directed to answer, the foreperson has signed and dated this form.

_____

FOREPERSON

_____

DATE