**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CONNOR PULLIAM, ET AL.**

**VERSUS**

**BANANA BLOSSOM THAI CAFÉ, LLC, ET AL.**

**CIVIL ACTION NO. 25-1341**

**SECTION "G" (5)**

### Memorandum in Support of Plaintiffs' Motions *in Limine*

COME NOW, Plaintiffs, by and through undersigned counsel, who respectfully request that this Court grant the following Motion *in Limine*.

This is a case in which "violations under the FLSA have been stipulated to by Defendants,"[1] as well as Defendants' liability under the Louisiana Wage Payment Act.[2] Accordingly, the focus of trial will be the scope of those violations and the quantum of damages owed to Plaintiffs.

In this Motion, Plaintiffs ask the Court to exclude any evidence or argument:

- Denying Defendants' retaliation, because Defendants have stipulated to all three elements of retaliation.

- Contradicting Plaintiffs' evidence of hours worked and hourly rates because Defendants concede they chose not to keep records as required by law.

Based on the reasoning and evidence presented herein, Plaintiffs ask the Court to grant their motion.

---

[1] R. Doc. 52 (Defendants' Pretrial Memorandum) at 1.
[2] *Id.* at 3.

1

**A.    Statement Regarding Compliance with this Court's Standing Order to Meet and Confer.**

Pursuant to this Court's standing order, Plaintiffs' counsel and Defendants' counsel met on July 31, 2026 and August 4, 2026 to discuss the motions *in limine* urged in this motion, and corresponded by email. During those meet-and-confers, Defendants stipulated to exclude any testimony or argument regarding any Plaintiff's citizenship, nationality, immigration status, or tax compliance, which will be provided to the court in a separate filing of stipulations.

**B.    Motions in Limine Generally.**

In general, the term "*in limine*" "refer[s] to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A ruling on evidence *in limine* "aid[s] the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521 at *1 (M.D. Ala. February 20, 2001) (citations omitted). "[It] also may save the parties time, effort and cost in preparing and presenting their cases." *Id*. "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the District Court's inherent authority to manage the course of trials." *Luce*, 469 U.S. at 41 n. 4.

Relevant here, it is "a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial." *Branch-Hines v. Hebert*, 939 F.2d 1311, 1319 (5th Cir. 1991). And the United States Supreme Court has held that stipulations, like those in a pre-trial order, "must be binding." *Standard Fire Ins. Co. v. Knowles*, 568 US 588 (2013).

**C.    This Court should exclude any evidence or argument denying Defendants' retaliation, because Defendants have stipulated to all three elements of retaliation.**

A FLSA retaliation claim has three elements: "(1) participation in a protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action." *Rodriguez v. City of Corpus Christi*, 129 F.4th 890, 898 (5th Cir. 2025), *quoting Starnes v. Wallace,* 849 F.3d 627, 631-32 (5th Cir. 2017).

In this case, it is a stipulated fact that "Plaintiff Connor Pulliam and the front of house employees met with Defendant Jimmy Cho and notified him that his and Banana Blossom's practices were in violation of the FLSA." R. Doc. 50 at pg. 5, xviii. Defendants also admit that they "limited Connor Pulliam's hours at Banana Blossom and prohibited him from covering shifts for other employees because [Defendant Cho] disagreed with Connor's position at the meeting." R. Doc. 50, p. 5, xix. Defendants also admit that they "placed other employees who participated in the meeting on a 'chopping block list' for the same reason." *Id.* at xix. Defendants further admit that their imposition of new restrictions, including scheduling shifts to start earlier, stricter punishment on tardiness, and a total ban on cellphone possession on the floor were in response to Plaintiffs' wage advocacy at the meeting. *Id.* at xx.

Defendants even concede in the "Joint Summary of the Facts" that "Defendants responded to Plaintiffs complaints about these practices by barring Plaintiff Connor Pulliam from picking up shifts, terminating Plaintiff Katherin Templeton, and implementing more restrictive policies." R. Doc. 50 at *3. Similarly, in the Joint Verdict Form, Defendants explain that they have "stipulated that they imposed new workplace restrictions — earlier shift start times, stricter punishment for tardiness, and a ban on cell phones on the floor — in response to Plaintiffs'

complaints about wages." R. Doc. 56 at 9. And in the Joint Jury Instructions, they concede that for most of this retaliation, all that "remains" for the jury is to award damages. R. Doc. 55 at 12.

Thus, all the elements of FLSA retaliation are stipulated. Defendants concede that (1) Plaintiffs raised the issue of FLSA violations with their employer (protected activity), (2) that Defendants cut hours, put people on a "chopping block list," and imposed a range of new restrictions (adverse employment action); and (3) that Defendants "responded to" the employees' wage complaints with the adverse actions (causal link).

Because Defendants have stipulated to all the elements of retaliation, Defendants should be barred from offering any argument or testimony at trial denying the retaliation.

**D.      This Court should exclude any evidence or argument contradicting Plaintiffs' evidence of hours worked and hourly rates, because Defendants concede they chose not to keep records as required by law, and admit to discarding notebook log records related to the illegal tip scheme.**

Federal law (29 C.F.R. Part 516) requires employers subject to the FLSA to keep specific records, including detailed records of employees pay rate and hours worked. In cases where "the employer's records are inaccurate or inadequate," the Fifth Circuit applies *Anderson v. Mt. Clemens Pottery Company*, a burden-shifting framework for federal wage claims fashioned by the U.S. Supreme Court. *See U.S. Dep't of Labor v. Five Stare Automatic Fire Protection*, LLC, 987 F.3d 436, 439-440 (5th Cir. 2021). This standard is "rooted in the view that an employer shouldn't benefit from its failure to keep required payroll records, thereby making the best evidence of damages unavailable." *Id.* at 440. When FLSA-required time records are incomplete, *Mt. Clemens* allows courts to accept an approximated number of damages.

Here, Defendants have stipulated that they "implemented company-wide policies of. . . not maintaining records as required pursuant to 29 CFR Part 516." R. Doc. 50 at 2. Defendants'

recordkeeping was not merely inadequate; many of the critical wage records are completely absent. For example, Defendants admit that they only preserved records of employee hours on a monthly or bi-weekly basis, and that they did not preserve the records showing the actual hours worked per week. R. Doc. 50, p. 4, x. Defendants also admit that they intentionally discarded the "tip log books," which would be required to calculate the exact amounts illegally taken from the tip pool and distributed to salaried employees. R. Doc. 50, p. 4, xii.

Indeed, in a colloquy with Judge North, Defendants' counsel admitted there were "no records" to reconstruct certain aspects of money owed:

```
        THE COURT:  Well, the problem, if you're a tax attorney
    and you're strictly numbers, the problem you have in this case
    is there are no records.
        MR. PEREZ:  Correct.
        THE COURT:  Well, that ain't the plaintiffs' fault.
        MR. PEREZ:  Understood.
        THE COURT:  This is a problem with a client that you
    represent.  It is a problem that you and your client have to
    address and solve, not my problem to solve, not the plaintiffs'
    problem to solve.  The law makes that very clear.
        MR. PEREZ:  Understood.
```
[3]

Given Defendants' choice to implement a policy of violating federal record-keeping law and the Fifth Circuit's directive that they should not "benefit from [the] failure to keep required payroll records," this Court should exclude any evidence or argument contradicting Plaintiffs' evidence of their pay rates and hours worked.

---

[3] Ex. A at 11:6-16.

**Conclusion**

For these reasons, this Court should exclude any evidence or argument:

- Denying Defendants' retaliation, because Defendants have stipulated to all three elements of retaliation.

- Contradicting Plaintiffs' evidence of hours worked and hourly rates because Defendants failed to preserve records as required by law.

Respectfully Submitted:

/s/ William Most                                  KENNETH C. BORDES (La. Bar No. 35668)
WILLIAM MOST (La. Bar No. 36914)      ABIGAIL FLORESCA (La. Bar No. 41248)
HOPE PHELPS (La. Bar No. 37259)        3914 Canal St.
MOST & ASSOCIATES                          New Orleans, Louisiana 70119
201 St. Charles Ave., Ste. 2500, # 9685   Telephone: 504-588-2700
New Orleans, LA 70170                        Facsimile: 504-708-1717
Tel: 504-500-7974                               E-Mail: kcb@kennethbordes.com
E-Mail: hopeaphelps@outlook.com

*Counsel for Plaintiffs*

6