**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

CONNOR PULLIAM, ET AL.   CIVIL ACTION NO. 25-1341

VERSUS        SECTION "G" (5)

BANANA BLOSSOM THAI CAFÉ, LLC, JUDGE NANNETTE JOLIVETTE BROWN
ET AL.         MAG. JUDGE MICHAEL B. NORTH

---

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR STIPULATED JUDGMENT**
**PRELIMINARILY APPROVING SETTLEMENT AND RELEASE AGREEMENT**

Defendants have agreed to pay Nine Hundred Thousand Dollars in full settlement to a collective of restaurant workers whose tips they pooled with managers, whose credit card processing fees they charged against those tips, and whose overtime they did not pay. The settlement payment resolves the wage claim and the liquidated damages and penalty claims that the Fair Labor Standards Act, the Louisiana Wage Payment Act, the Louisiana Unfair Trade Practices Act, and retaliation violations that resulted and persisted attached to that conduct. That is the structure the statutes prescribe, and it is the structure the parties adopted.

The settlement was reached just a week before a jury trial, after two unsuccessful/canceled settlement conferences before Magistrate Judge North, and after both sides had taken the case through certification, Defendants' depositions, a granted motion to compel, and show-cause proceedings. The parties ask the Court to preliminarily approve it.

## I. BACKGROUND

1. Plaintiffs filed this action on June 30, 2025, alleging that Defendants failed to pay overtime at one and one-half times the regular rate, took a tip credit while requiring servers to share tips with salaried kitchen staff and managers, deducted credit card processing fees from

employee tips, failed to keep the records required by 29 C.F.R. Part 516, and retaliated against employees who complained. R. Doc. 1.

2. The parties litigated the case to the eve of trial. Plaintiffs exchanged written discovery and documents, subpoenaed Defendants' former accountant, and took the Rule 30(b)(6) deposition of Banana Blossom Thai Café, LLC along with the depositions of Rattanasak Chotikarnkul, Kulisara Jinawong, and Christian Cuong Van Nguyen. On June 22, 2026, the Court granted Plaintiffs' Motion to Compel and awarded Plaintiffs their attorney's fees. R. Doc. 36. The Court conducted show-cause proceedings concerning Defendants' discovery conduct. R. Docs. 25, 38, 43, 49.

3. On June 24, 2026, the Court certified the FLSA collective and ordered that notice issue to potential collective members. R. Doc. 37. Notice issued, and the period for filing consents to join closes on August 13, 2026. As of today, those who have opted in have all been considered in this resolution with the class representatives and counsel.

4. In the Joint Pre-Trial Order, the parties jointly stated that Defendants implemented company-wide policies of not paying overtime at the required rate, deducting credit card fees from employees' tips, requiring servers to participate in a tip pool with salaried kitchen staff and managers while taking a tip credit, and not maintaining the records required by 29 C.F.R. Part 516. R. Doc. 50 at 2.

5. The parties were scheduled to proceed in settlement conferences before Magistrate Judge North on May 19, 2026 and July 23, 2026.

6. On August 10, 2026, the Court ruled on summary judgment. The Court granted summary judgment to Plaintiffs "as to Defendants' liability for the FLSA unpaid overtime claims, improper credit card fee claims, failure to provide notice claims, Plaintiff Connor Pulliam's

retaliation claim, and the LWPA unpaid wages claims, leaving the calculation of damages on these claims to the jury at trial." R. Doc. 63 at 21. The Court granted summary judgment in favor of Defendants "regarding the LWPA illegal fine claims." *Id.* Other issues, including quantum of damages and attorneys fees, were left to trial or post-trial rulings.

7.      After that, the parties reached a settlement in principle, subject to approval by the Court.

## II.   THE SETTLEMENT RESOLVES A BONA FIDE DISPUTE, AND THE FIFTH CIRCUIT ASKS NOTHING MORE

The FLSA makes an employer who violates its provisions liable for unpaid wages or unpaid overtime compensation, and for an additional equal amount in liquidated damages. 29 U.S.C. § 216(b). Because FLSA rights cannot be waived outright, a compromise of those rights must resolve a genuine dispute rather than paper over a concession. *Bodle v. TXL Mortgage Corp.*, 788 F.3d 159, 164 (5th Cir. 2015).

The Fifth Circuit's test asks whether the agreement to settle contemplates a bona fide dispute over the FLSA claim itself. *Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012). A settlement that reaches only a generic, sweeping release of claims the parties never actually contested does not satisfy that test. *Bodle*, 788 F.3d at 166; *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Boaz v. FedEx Customer Information Services, Inc.*, 725 F.3d 603, 606 (6th Cir. 2013).

This settlement is the opposite of a generic release. The dispute is identified, and it is real, including stipulations and admissions of violations. The parties disagree about how many hours each Plaintiff worked in weeks for which Defendants kept no compliant records. They disagree about whether the tip credit was ever valid, and therefore about whether the measure of damages is the tip shortfall or the full minimum wage for every tipped hour. They disagree about how much

was taken through credit card fee deductions, and about how much of that was taken on debit transactions that carried no fee at all. Those are the questions the jury would have answered beginning August 17, 2026. The settlement answers them by compromise, at figures drawn from Plaintiffs' reasonable inferences, the limited payroll records and tip logs, certain sales reports, and certain credit card processing data produced in discovery.

### III.    THE ALLOCATION PAYS THE WAGE CLAIM AND THE PENALTY CLAIM AS THE STATUTES CONTEMPLATE

The $900,000.00 resolves Plaintiffs' claims for unpaid minimum wages, unpaid overtime, diverted tips, liquidated damages available under 29 U.S.C. § 216(b), the penalty wages available under La. R.S. 23:632, the statutory damages available under La. R.S. 51:1409 and the retaliation claims. The FLSA doubles a wage award absent a showing of good faith, and this allocation tracks that doubling rather than discounting it.

The settlement fund is distributed among Plaintiffs by a formula that weighs two objective factors with regard to the violations and claims related to each timeframe: each Plaintiff's length of employment during the Initial Violation Period which is June 30, 2022 through May 1, 2025, and each Plaintiff's length of employment during the subsequent period, which is May 2, 2025 to present. The Initial Violation Period is more heavily weighted than the subsequent (10% of the Initial Violation Period), as a majority of the conduct related to the claims ceased as of  May 2025.

### IV.    PLAINTIFFS' ATTORNEY'S FEES AND COSTS CLAIMS REMAIN

The FLSA and the Louisiana Wage Payment Act both direct that a prevailing employee recover reasonable attorney's fees and costs from the employer. 29 U.S.C. § 216(b); La. R.S. 23:632(C). Here those fees and costs are negotiated and included into the agreed settlement amount It is agreed that Plaintiffs are the prevailing parties and are entitled to their reasonable attorney's fees and costs under 29 U.S.C. § 216(b) and La. R.S. 23:632. It is further agreed that attorney's

fees and costs are resolved and are represented as $360,000.00 as to attorney fees, and $3,562.36 as to costs of the $900,000.00 settlement amount.

## V. PAYMENT OVER TIME IS SECURED, SO THE COMPROMISE IS NOT A PROMISE THE COLLECTIVE CANNOT COLLECT

Defendants will pay $250,000.00 up front and the remaining $650,000.00 in twelve monthly installments. The first eleven monthly installments of Fifty Four Thousand One Hundred Sixty-Six and 66/100 Dollars ($54,166.66) each, and the twelfth and final monthly installment of Fifty Four Thousand One Hundred Sixty-Six and 74/100 Dollars ($54,166.74). The first monthly installment is due thirty (30) days after timely payment of the payment of the initial $250,000.00 referenced in the settlement agreement. A settlement paid over a year is worth what its security is worth. Three provisions supply that security. Defendants are bound *in solido*. Any missed payment, once noticed and left uncured, accelerates the entire unpaid balance and carries judicial interest from the Effective Date of the agreement and enforcement fees. And Defendants have executed a consent judgment for the full amount, held by Plaintiffs' counsel and filed only upon an uncured default, subject to credit for every dollar actually paid.

For those provisions to have effect after dismissal, the Court must retain jurisdiction expressly. A district court has no inherent ancillary jurisdiction to enforce a settlement agreement once it dismisses the case; enforcement belongs in a new suit unless the dismissal order incorporates the agreement or reserves jurisdiction over it. *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 381-82 (1994). The parties therefore ask the Court to retain jurisdiction until the settlement amount is paid in full.

## VI.    THE STIPULATED FINDINGS ARE PART OF THE CONSIDERATION FOR ACCEPTING PAYMENT OVER TIME

Plaintiffs gave up a trial date in exchange for a payment stream. Section VII of the Agreement records what Defendants stipulate they did: pooled server tips with managers and salaried kitchen staff while claiming a tip credit, charged credit card processing fees against tips including on debit transactions that carried no such fee, failed to pay overtime, failed to keep and preserve the records the FLSA requires, and, through Chotikarnkul personally, made those decisions knowing that employees were not receiving what those practices withheld.

The parties intend those findings to bind them in any later proceeding between them. Collateral estoppel applies in proceedings to determine the dischargeability of a debt. *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991). The Agreement does not purport to waive any discharge right, and the parties do not ask this Court to decide any question of dischargeability. The Agreement records facts; the effect of those facts is for another court, if it ever arises.

## VII.    COURT APPROVAL AND AGREEMENT MOVING FORWARD

Defendants acknowledge and agree that: a.) it shall maintain records in accordance with the FLSA Rules and Regulations, 29 C.F.R. Part 516, *et seq*., b.) adhere to minimum wage and overtime requirements as called for under the FLSA, 29 U.S.C. 201, *et seq*., c.) adhere to rules and regulations related to any tip pooling, 29 C.F.R. 531.54, d.) refrain from charging employees any fees, fines, or charges in excess of the actual charge, e.) compensate any discharged or resigned employee all wages owed, without applying any unlawful fine or deduction, upon such termination of employment within the timelines proscribed under the Louisiana Wage Payment Act, La. R.S. 23:631, *et seq*., and f.) refrain from any retaliation or adverse employment actions against anyone who complains about, questions, or seeks clarification regarding Defendants' pay practices.

## VIII.  CONCLUSION

The settlement resolves a genuine litigated dispute, pays the wage claim and the statutory penalties, distributes the fund by an objective formula drawn from Plaintiff records and dates of employment, and secures the deferred payments. The parties respectfully request that the Court preliminarily approve it and enter the proposed Order.


Respectfully submitted:

| | |
|---|---|
| MOST & ASSOCIATES | KENNETH C. BORDES, ATTORNEY AT LAW, LLC |
| /s/ William Most | /s/ Kenneth C. Bordes |
| WILLIAM MOST (La. Bar No. 36914) | KENNETH C. BORDES (La. Bar No. 35668) |
| HOPE PHELPS (La. Bar No. 37259) | ABIGAIL FLORESCA (La. Bar No. 41248) |
| 201 St. Charles Ave., Ste. 2500, #9685 | 3914 Canal St. |
| New Orleans, LA 70170 | New Orleans, LA 70119 |
| Tel: (504) 500-7974 | Tel: (504) 588-2700 |
| williammost@gmail.com | kcb@kennethbordes.com |
| hopeaphelps@outlook.com | |
| Counsel for Plaintiffs | Counsel for Plaintiffs |

BUTLER McDONALD

/s/ John D. Perez
JOHN D. PEREZ (La. Bar No. 39302)
MARK R. LADD (La. Bar No. 30847)
2450 Severn Avenue, Suite 400
Metairie, LA 70001
Tel: (504) 285-5440
jperez@bmcdlaw.com

Counsel for Defendants


## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2026, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

/s/ Kenneth C. Bordes
KENNETH C. BORDES