**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| CONNOR PULLIAM, ET AL. | CIVIL ACTION |
| VERSUS | NO. 25-1341 |
| BANANA BLOSSOM THAI CAFÉ, ET AL. | SECTION: "G"(5) |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF JOINT MOTION FOR STIPULATED JUDGMENT PRELIMINARILY APPROVING SETTLEMENT AND RELEASE AGREEMENT**

On August 13, 2026, the parties moved this Court for approval of a $900,000 settlement that resolves Plaintiffs' claims in this litigation arising under the Fair Labor Standards Act (FLSA). Rec. Doc. 66. Under the parties' Settlement Agreement, $536,437.64 would be distributed to Plaintiffs; $360,000 would be paid in attorneys' fees; and $3,562.36 would be reimbursed for costs.

The Court ordered supplemental briefing concerning the calculation of each Plaintiff's individual recovery, the requested attorneys' fees, and costs. Rec. Doc. 68. Plaintiffs address each issue below and provide the information necessary for the Court to evaluate the fairness and reasonableness of the proposed settlement. Defendants have reviewed this brief and do not oppose the relief requested.

**A. Individual Plaintiff Awards**

If the Court approves the settlement, each Plaintiff would receive a sum of money calculated using a formula incorporating two factors: each Plaintiff's length of employment from June 30, 2022 to May 1, 2025, and each Plaintiff's length of employment after May 1, 2025. R. Doc. 66-1. The formula is an attempt to approximate the harm each Plaintiff suffered, given that some but not all of Defendants' legal violations ended as of May 2025. See R. Doc. 50 at *4 ("Prior to mid-May 2025, servers and expeditors were paid below the minimum wage at $5.00 per hour and Banana Blossom claimed a tip credit."). The average amount per plaintiff is $53,643.76.

Specifically, if the settlement is approved, each Plaintiff will receive the following amount in settlement of their claims:

| **Plaintiff** | **Weeks Pre-May 1, 2025** | **Weeks Post-May 1, 2025** | **Settlement Payout** |
|---|---|---|---|
| Garcia, Mariecar | 55 | 32 | $32,235.46 |
| Garcia, Vera | 10 | 0 | $5,193.52 |
| Nguyen, Vincent | 26 | 67 | $21,189.55 |
| Pulliam, Connor | 148 | 7 | $77,667.11 |
| Simpson, Assata | 148 | 15 | $78,584.89 |
| Templeton, Katherine | 148 | 7 | $77,667.11 |
| Tonsakul, Pakanan | 148 | 35 | $80,879.34 |
| Truong, Eric | 148 | 7 | $77,667.11 |
| Villaeba, Majella | 148 | 7 | $77,667.11 |
| White, Camran | 0 | 67 | $7,686.41 |

These amounts reflect the parties' agreed allocation of the $536,437.64 designated for distribution to Plaintiffs under the Settlement Agreement.

**B. Attorneys' Fees**

The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (West 2014). In evaluating the fairness and reasonableness of an FLSA settlement, the Court must therefore determine whether the proposed attorneys' fee is reasonable. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 728 (E.D. La. 2008).

Here, Plaintiffs retained counsel pursuant to a contingency-fee agreement providing for a fee of 40% of any recovery obtained in the action. *See* Exhibit A (Most Decl.) at ¶ 4. When Plaintiffs

and their counsel entered into that agreement, there was no guarantee they would recover anything. The $360,000 attorneys' fee provided for in the Settlement Agreement represents exactly 40% of the $900,000 settlement and thus is consistent with the fee agreements Plaintiffs entered into with their counsel.

The 40% fee falls within the range of contingency fees that courts have approved in comparable FLSA collective actions and wage actions. *See Banks v. First Student Inc.*, No. 16-4316, 2019 U.S. Dist. LEXIS 244651, at *10 (E.D. La. Mar. 21, 2019) (approving 40% contingency fee in FLSA collective action); *Lackey v. SDT Waste & Debris Servs., LLC*, No. 11-1087, 2014 U.S. Dist. LEXIS 136181, at *8 (E.D. La. Sep. 26, 2014); *see also Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) (recognizing that the "customary contingency" in labor litigation is typically 35% to 40%); *DiVittorio v. Seale & Ross, PLC,* 22-392 (La. App. 1 Cir. 12/27/22), 360 So. 3d 841, 852 ("The fee agreement between plaintiffs and their counsel was 40 percent of total recovery or statutory attorney fees, whichever was greater."). Similarly, state courts recognize that the circumstances of counsel's representation, including the contingent nature of the engagement, are relevant to determining a reasonable attorneys' fee under the Louisiana Wage Payment Act. *See, e.g., DiVittorio, supra,* (considering the parties' contingency-fee agreement in determining a reasonable attorney's fee); *Hutchinson v. Trussco, Inc.*, 943 So. 2d 585, 591 (La. App. 3 Cir. 2006) (finding no abuse of discretion for attorneys fees when counsel "assumed responsibility of the case on a contingency basis" and obtained a favorable result); *see also Hunt v. CDI Corp.*, 2011-1416 (La. App. 1 Cir. 7/10/12) (unpublished) (approving a percentage-of-recovery fee where counsel represented the plaintiff on a contingency basis).

The requested fee reflects the substantial risk counsel assumed in prosecuting this action on a contingency basis. By undertaking the case without any guarantee of payment, Plaintiffs'

counsel assumed the risk of devoting substantial time and resources to the litigation without compensation if the case did not result in a recovery. In particular, Plaintiffs' counsel assessed this case as having significant risk, given that it was against a small business with a single owner, a fact pattern that runs the risk of possible lack of collectability due to insolvency or bankruptcy. Ex. A at ¶ 5.

Courts in this District have recognized that risk as an appropriate consideration in determining the reasonableness of an FLSA fee. *See Hankton v. TACI Invs., Inc.*, No. 17-6441, 2019 U.S. Dist. LEXIS 67744, at *5 (E.D. La. Apr. 22, 2019) (Brown, J.) (finding a proposed FLSA fee reasonable where counsel had "dedicated one and half years to the case and expended significant time in the matter, despite working on a contingency basis and having no guarantee of success"); *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 859-60 (E.D. La. 2007) (recognizing the "contingent risk of nonpayment" assumed by class counsel and explaining that counsel should be compensated for both services rendered and the risk of loss or nonpayment).

A review of Plaintiffs' counsel's hours worked and risk undertaken bolsters the reasonableness of the contingency fee. The Fifth Circuit generally employs the lodestar method, modified using the *Johnson* factors, to assess the reasonableness of attorneys' fees in FLSA cases. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). Under that method, the Court multiplies the number of hours reasonably expended by an appropriate hourly rate. *Id.* An attorney's requested hourly rate is *prima facie* reasonable when it is within the range of prevailing market rates and is not contested. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). Here, Plaintiffs' counsel incurred the following hours, with evidence of prevailing market rates:

| Attorney and Years Experience | Hours | Rate | Sum |
|---|---|---|---|
| William Most (15 years) | 74.1 | $450[1] | $33,345 |
| Kenneth Bordes (12 years) | 91.2 | $425[2] | $38,760 |
| Lydia Wright (12 years) | 3 | $425[3] | $1,275 |
| Hope Phelps (10 years) | 121.5 | $400[4] | $48,600 |
| Abigail Floresca (2 years) | 48.8 | $275[5] | $13,420 |
| Paralegal Veronica Barnes | 30.1 | $150[6] | $4,515 |
| Total | 368.7 | | $139,915.00 |

---

[1] *See Smith v. Metro Sec, Inc.,* No. CV 18-953, 2019 WL 3521923 (E.D. La. July 29, 2019) (approving an hourly rate of $375.00 [$490 in 2026 dollars] in an FLSA case for an attorney with 15 years of experience); *REC Marine Logistics, L.L.C. v. Richard*, No. 19-11149, 2020 WL 1527766, at *3 (E.D. La. Mar. 27, 2020) (finding $375.00 an hour [$484 in 2026 dollars] for attorney with 13 years' experience reasonable in district); *Warder v. Shaw Grp., Inc.*, 2016 WL 3447950, at *2–3 (E.D. La. June 23, 2016) (awarding hourly rates of $ 325 [$452 in 2026 dollars] for partner with 14 years of experience); *Sanchez v. Pizzati Enters., Inc.*, No. 17-9116, 2018 WL 3954866, at *4 (E.D. La. Aug. 16, 2018) (Brown, C.J.) (finding $325 [$432 in 2026 dollars] to be a reasonable hourly rate for an attorney with 15 years of experience). *See also Scola v. Facebook Inc.,* 18-cv-05135 (San Mateo Sup. Ct., June 21, 2021) (applying $850 per hour Lodestar rate to William Most in approving class settlement).

[2] *Cajun Services Unlimited LLC v. Benton Energy Service Company*, 17-cv-00491, R. Doc. 309 (E.D. La., Jan. 23, 2020) ($350 [$452 in 2026 dollars] reasonable for attorney with 11 years of experience); *Charles v. LeBlanc*, 18-cv-0541, R. Doc. 860 (W.D. La. Sept. 11, 2025) ($400 per hour [$415 in 2026 dollars] for attorney with eleven years' experience as a lawyer); *Perkins v. Pel Hughes Printing*, LLC, 17-cv-06689, R. Doc. 48 (E.D. La. August 6th, 2018) ($300 [$399 in 2026 dollars] reasonable for attorney with twelve years' experience); *Jones v. New Orleans Regional Physician Hospital Organization*, Civil Action No. 17-8817, 2019 WL 6770029 at *2 (E.D. La., Dec. 12, 2019) ($300 per hour [$392 in 2026 dollars] for a 10-year lawyer).

[3] *Id.*

[4] *EnVen Energy Ventures, LLC v. Black Elk Energy Offshore Operations, LLC*, No. 14- 424, 2015 WL 3505099, at *2 (E.D. La. June 2, 2015) (awarding $300 [$423 in 2026 dollars] for an attorney with 10 years of experience); *Wagner v. Boh Bros. Const. Co.*, LLC, No. 11-2030-JCW, 2012 WL 3637392 at*16 (E.D. La. Aug. 22, 2012) (in employment discrimination case, awarding hourly rates of $275 [$400 in 2026 dollars] for attorney with 10 years' experience); *Jones v. New Orleans Regional Physician Hospital Organization*, Civil Action No. 17-8817, 2019 WL 6770029 at *2 (E.D. La., Dec. 12, 2019) ($300 per hour [$392 in 2026 dollars] for a 10-year lawyer).

[5] Perkins v. Pel Hughes Printing, LLC, 17-cv-06689, R. Doc. 48 (Roby, J.) (E.D. La. August 6th, 2018) ($225 [$299 in 2026 dollars] reasonable for second year attorney); Constr. S., Inc. v. Jenkins, 11-1201, 2011 WL 3892225 (E.D. La. Sept. 2, 2011) (awarding $180/hour [$267 in 2026 dollars] for an associate with two years of experience); Hernandez v. U.S. Customs and Border Prot. Agency, 10-cv-04602, 2012 WL 398328 at *16 (E.D. La., Feb. 7, 2012) (awarding $180 [$262 in 2026 dollars] for attorney with two years of experience in the area of litigation); *Carter v. QPWB,* 25-cv-2273, R. Doc. 37 at *6, (E.D. La., Apr. 30, 2026) ($250 per hour for attorney Abigail Floresca with 2 years' experience).

[6] *Loiacano v. DISA Global Sols.*, Civ. A. No. 14-1750, 2016 WL2926679, at *2 (E.D. La. May 19, 2016) (awarding $150.00/hour [$209 in 2026 dollars] for a paralegal); *Ranger Steel Services, LP v. Orleans Materials & Equip., Co.*, 10-112, 2010 WL 3488236, at *3 (E.D. La. Aug. 27, 2010) (finding rate of $100/hr. [$153 in 2026 dollars] for a paralegal reasonable); *United States ex rel. McNeil v. Jolly,* 451 F. Supp. 3d 657, 675 (E.D. La. 2020) (awarding $125/hr [$161 in 2026 dollars] for the work of a paralegal).

After determining the lodestar amount, a court next considers the various factors identified in *Johnson v. Georgia Highway Express*, 488 F.2d. 714 (5th Cir. 1974), and may adjust the lodestar upward or downward depending on the weight it allots to those factors. The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

In *Johnson,* the Fifth Circuit recognized that "once the employment is undertaken the attorney is not free to use the time spent on the client's behalf for other purposes."[7] Here, Plaintiffs' counsel are two small firms, for which the expenditure of several hundred hours of attorney time represents a serious commitment of limited resources. As the Supreme Court noted, "the predominant reason that a contingent-fee claimant has difficulty finding counsel in any legal market where the winner's attorney's fees will be paid by the loser is that attorneys view his case as too risky (*i. e.,* too unlikely to succeed)."[8] That is the case here; there are not many law firms in Louisiana that would take a FLSA collective action fully on contingency against Defendants like those here that are not large corporations with assured solvency. And Plaintiffs' counsel obtained great success: most of the Plaintiffs will receive amounts greater than $75,000.00. That represents the equivalent of one-and-a-half to three <u>years</u> of wages for some of the Plaintiffs, and is an

[7] *Johnson*, *supra*, 488 F.2d. at 718.
[8] *City of Burlington v. Dague*, 505 U.S. 557, 564 (1992).

unusually high amount per plaintiff for a FLSA collective action. If a 2.5 *Johnson* factor is applied to the lodestar, it matches the attorneys fee proposed to the Court.

Thus, the requested $360,000 fee is consistent with the fee Plaintiffs agreed to pay counsel, reflects the contingent risk counsel assumed in prosecuting this action, falls within the range of fees courts have found reasonable in comparable cases, and is comparable to the lodestar with a *Johnson* modifier. Plaintiffs therefore respectfully submit that the requested attorneys' fee is fair and reasonable and should be approved as part of the Settlement Agreement.

**C. Costs**

In an FLSA action brought to recover unpaid minimum wages or overtime compensation, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Here, Plaintiffs seek $3,562.36 in costs, as itemized in Exhibit A and B. These costs were reasonably incurred in prosecuting Plaintiffs' claims and are appropriately included in the settlement. One cost - $420 for service of trial subpoenas – was invoiced after the motion for settlement approval, and so is not included. Ex. A at ¶ 14.

Accordingly, Plaintiffs respectfully request that the Court approve the requested $3,562.36 in costs.

**CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that this Court grant the Joint Motion for Stipulated Judgment Preliminarily Approving Settlement and Release Agreement, Rec. Doc. 66.

Respectfully Submitted:

*<u>/s/ William Most</u>*
WILLIAM MOST (La. Bar No. 36914)
HOPE PHELPS (La. Bar No. 37259)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, # 9685
New Orleans, LA 70170
Tel: 504-500-7974
E-Mail: hopeaphelps@outlook.com

KENNETH C. BORDES (La. Bar No. 35668)
ABIGAIL FLORESCA (La. Bar No. 41248)
3914 Canal St.
New Orleans, Louisiana 70119
Telephone: 504-588-2700
Facsimile: 504-708-1717
E-Mail: kcb@kennethbordes.com

*Counsel for Plaintiffs*