**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CONNOR PULLIAM, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1341** |
| **BANANA BLOSSOM THAI CAFÉ, ET AL.** | **SECTION: "G"(5)** |

# ORDER

Plaintiffs Connor Pulliam, Eric Truong, Majella Villaeba, Katherine Templeton, Assata Simpson, Pakanan Tonsakul, Camran White, Kaylen Marbry, Vincent Nguyen, Mariecar Garcia, and Vera Garcia's (collectively, "Plaintiffs") bring this case against Defendants Banana Blossom Thai Café, LLC ("Banana Blossom") and Rattanasak Chotikarnul ("Jimmy Cho") (collectively, "Defendants") for allegedly violating the Fair Labor Standards Act ("FLSA"), retaliating against employees who complained of said violations, violating the Louisiana Wage Payment Act ("LWPA"), and other violations of Louisiana law.[1] Before the Court is the parties' "Joint Motion for Stipulated Judgment Preliminarily Approving Settlement and Release Agreement"[2] as well as Plaintiff's unopposed "*Ex Parte* Motion for Extension of Time."[3]

On August 13, 2026, the parties filed the "Joint Motion for Stipulated Judgment Preliminarily Approving Settlement and Release Agreement."[4] On August 14, 2026, upon being advised that the parties firmly agreed upon a compromise, the Court issued a 60-day order

[1] Rec. Doc. 1.

[2] Rec. Doc. 66.

[3] Rec. Doc. 70.

[4] Rec. Doc. 66.

dismissing the action without costs and without prejudice to the right, upon good cause shown within sixty days, to reopen the action if the settlement is not consummated.[5] On August 17, 2026, the Court deferred ruling on the Joint Motion for Stipulated Judgment Preliminarily Approving Settlement and Release Agreement pending further briefing as to the parties' calculations of each Plaintiff's individual award, the attorneys' fee award, and the cost award.[6] On September 4, 2026, pursuant to the Court's August 17, 2026 order, the parties filed a supplemental memorandum in support of the joint motion seeking approval of the settlement agreement.[7] On October 9, 2026, Plaintiffs filed the unopposed *ex parte* motion for an extension of time to reopen the action because the settlement had yet to be consummated.[8]

In the parties' supplemental memorandum in support of the joint motion seeking approval of the settlement agreement, the parties provide the proposed individual awards to be paid to each plaintiff.[9] Notably, the parties failed to include the proposed award or any reference to Kaylen Marbry, who opted-in to the action on July 17, 2026.[10] Four other individuals opted-in to this action, each of whom are included in the parties' awards calculations.[11] Given the parties' exclusion of Kaylen Marbry, the Court is unable to assess the fairness of the settlement. Therefore, the Court defers its ruling on the motion pending further briefing as to the exact award designated for opt-in Plaintiff Kaylen Marbry. Furthermore, given the Court's need for further information

[5] Rec. Doc. 67.

[6] Rec. Doc. 68.

[7] Rec. Doc. 69.

[8] Rec. Doc. 70.

[9] Rec. Doc. 69.

[10] Rec. Doc. 46.

[11] Camran White, Vincent Nguyen, Mariecar Garcia, Vera Garcia. Rec. Docs. 46, 65.

from the parties regarding the individual Plaintiffs' awards, the Court finds good cause exists to extend the parties' deadline to reopen the action if settlement is not consummated.

Accordingly,

**IT IS HEREBY ORDERED** that on or before October 30, 2026 the parties submit additional briefing on their calculations of each Plaintiff's individual award (specifically including opt-in Plaintiff Kaylen Marbry).

**IT IS FURTHER ORDERED** that the *Ex Parte* Motion for Extension of Time[12] is **GRANTED**. The deadline to reopen the action if settlement is not consummated is continued to December 11, 2026.

**NEW ORLEANS, LOUISIANA**, this 14th day of October, 2026.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

[12] Rec. Doc. 70.